SALISBURY MILLS *vs.* JOHN P. TOWNSEND & another.

A corporation may maintain a bill of interpleader against two opposing claimants of a dividend due on certain shares of its capital stock, originally held in trust for one of them by a third person, who in fraud of him transferred them through mesne conveyances to the other; and upon such a bill the court may determine which claimant is entitled to the dividend; but not the question whether the corporation is liable to the one defrauded for permitting the transfer of the shares.

One who takes in good faith, and for a valuable consideration, a transfer of shares in the capital stock of a corporation, is not bound to examine the books of the corporation, or look beyond the certificate assigned to him, to ascertain the validity of former assignments.

BILL OF INTERPLEADER, filed February 3, 1871, by a manufacturing corporation chartered by this Commonwealth, against John P. Townsend and Caleb W. Loring, the latter as trustee under the marriage settlement of Mrs. Elizabeth B. Mountford; alleging that the defendants respectively claimed a dividend payable on eighty certain shares in the capital stock of the corporation; offering to pay the same to whichever of them was entitled thereto; and praying that they might be decreed to interplead as to their title.

The bill alleged that George H. Rogers was formerly the holder of two certificates, one of thirty-five shares, and the other of forty-five shares, of the eighty shares in question, which certificates ran in his name as " trustee " without further specification of the trust, and were expressed to be " transferable by an instrument in writing, to be recorded by the clerk of the company, and when such transfer shall have been recorded and the certificate surrendered to the treasurer of the company, a new certificate or certificates shall be issued; " that on January 11, 1867, Rogers trans-

ferred the thirty-five shares to William A. Pew, trustee, who on July 3, 1868, transferred them to the firm of Worster, Dupee & Company, and that firm, under date of July 16, 1869, transferred them to Townsend; that on January 26, 1869, Rogers transferred the forty-five shares to John Botume, Jr., who under date of April 9, 1869, transferred them to Townsend; that new certificates were issued according to the transfers, and Townsend was the holder of the present certificates, which ran in his name; that in July 1870 the corporation declared a dividend of five dollars per share on its capital stock; and that Townsend demanded the said dividend upon the eighty shares, but the corporation refused to pay it to him because it had notice from Loring that Townsend was not entitled to said shares or dividend; that before July 11, 1870, Loring had given notice to the corporation that the eighty shares were held by Rogers as trustee for the use of Mrs. Mountford under her marriage settlement and were fraudulently transferred by Rogers to secure his individual debts; that before August 13, 1870, Rogers died, and on that day Loring gave the corporation further notice of his own appointment as successor of Rogers in the trust; that on September 2, 1870, Loring, as said trustee, demanded of the corporation the said eighty shares; that Loring was asserting that Townsend was holding them as collateral security for Rogers's individual debts; that Townsend had already sued the corporation to recover the dividend, and Loring was threatening a similar suit; "that at the time when Rogers made the transfers of the thirty-five shares, and of the forty-five shares, they were transferred in the regular course of business which had been adopted by the corporation for the transfer of shares therein; that the corporation and its officers had no knowledge, information or belief that he was not legally authorized to make the said several transfers; and that they had no knowledge, information or belief that in making them he was violating any trust or duty imposed upon him." The plaintiffs annexed to the bill copies of the above named certificates and transfers, (which all appeared to have been made in conformity with the Gen. Sts. *c.* 60, § 13,*) and of their records in relation thereto.

---

\* " Shares may be transferred by the proprietor, by an instrument in writ-

Townsend, in his answer, alleged that on or about July 16, 1869, Rogers applied to him for a loan of $5250, and offered thirty-five shares in the stock of the plaintiff corporation as security; that he agreed to lend the money on that security; that Rogers accordingly delivered to him a certificate of thirty-five shares, running in the name of Worster, Dupee & Company, and transferred by them to him (Townsend) by an instrument in writing under their hand on the back thereof, and he thereupon lent Rogers $5250, and immediately delivered up the certificate to the corporation and received a new certificate in his own name; that on or about April 9, 1869, Rogers had procured a loan of $6700 from him in like manner on an offer of forty-five shares of the stock as security, and in performance of the contract had delivered to him a certificate of forty-five shares running in the name of Botume, and transferred to him (Townsend) by an instrument in writing under Botume's hand on the back thereof, which he in like manner had delivered up to the corporation and received a new certificate in his own name ; that payments were afterwards made by Rogers on account of the two loans, which reduced their amount to $10,500 ; that he was holding the eighty shares as collateral security for the debt of Rogers to him of that sum and interest; that he never had notice, information, belief or suspicion that Rogers ever held them as trustee, or that they were not lawfully and rightfully transferred by Worster, Dupee & Company and Botume; and that he was informed and believed that neither of them ever had notice, knowledge, information or belief that the shares were ever held by Rogers as trustee.

Loring, in his answer, set forth the marriage settlement of Mrs. Mountford, dated March 10, 1854, wherein it was provided that the trustee under the same should not sell any of the trust property without her approval first obtained; and alleged that Rogers was appointed the trustee in August 1856 ; that on January 11, 1867, and for several years previous, four hundred and

ing under his hand and recorded by the clerk of the corporation in a book to be kept for that purpose. The purchaser named in such instrument so recorded shall, on producing the same to the treasurer and delivering to him the former certificate, be entitled to a new certificate.''

seventy shares in the stock of the plaintiff corporation, including the eighty shares in question, were part of the trust fund; that the corporation well knew that they were so; that the transfers of the eighty shares by Rogers were made in fraud of Mrs. Mountford and without her knowledge or approval, for his individual debts; that the corporation " knew, or had reason to know, by the manner in which Rogers was transferring and using, and in which he had transferred and used the said shares held by him in trust as aforesaid for said Mountford, and by its entries on its books, and his receipts, that he was transferring and using said shares for his own benefit, and in violation of any trust, and in fraud of the rights of said Mountford or of any *cestui que trust;* " that the corporation " made no inquiry as to whether Rogers had any authority as trustee to transfer said shares, or, knowing or having reason to believe that he had no such authority, and that he was using said shares for his benefit, it did, in violation of its legal duty, and without due and proper inquiry and investigation as to his power, or the purpose for which he was transferring said shares, issue certificates to said Pew, and Worster, Dupee & Company, and Botume and Townsend, that they were owners of said shares, and said certificates as to said eighty shares issued to Townsend, so far as the title of this defendant is concerned, are void and of no effect, and the corporation is bound to account for said dividend to this defendant; " that " now it may be that the corporation has issued certificates to Townsend, and by reason of its wrongful acts in the premises it may be liable to pay to him a sum equal to the dividend declared on its shares, but nevertheless it should be held to pay said dividend to this defendant, who is the true and rightful owner thereof, or a sum which shall be equivalent to said dividend, and this defendant says that by its own showing it has no right to ask the defendants to interplead, and he requests that he may have the same benefit from the matters herein set forth as if he had demurred to the bill, and as if he had pleaded the special matters herein alleged."

At April term 1871 the case came on for a hearing upon the bill and answers, and it was decreed that the defendants should

interplead, that Loring should before May 30 file his allegations of the grounds on which he claimed title to the eighty shares, and to the dividend, (which had been paid into court,) and that Townsend should have liberty to answer and defend such allegations within one week thereafter.

Loring appealed from the decree; and, by agreement with Townsend and consent of the court, without waiving his right of appeal, filed allegations of facts which, if proved, would tend to show that the corporation knew by Rogers's receipts for stock, and by the entries on their books, and otherwise, that the four hundred and seventy shares were held by Rogers as trustee for Mrs. Mountford, and had reason to know, in like manner, that he was pledging certain of them, and particularly these eighty shares, as security for his individual debts and in fraud of her. Town send answered the allegations, and denied that he ever had notice or knowledge of those facts, or that they were competent, material or relevant to the question of his own right to the eighty shares and the dividend.

The case was heard by *Wells*, J., and reserved for the decision of the full court, (1) as to Loring's appeal from the decree of interpleader, upon the bill and answers; and (2) as to the question of the relative rights of Loring and Townsend to the eighty shares and the dividend, upon all the pleadings and a written agreement of those parties that, as between them, the facts alleged therein should be deemed true, but subject to the opinion of the court as to their competency or relevancy; such decree to be entered as law and justice should require.

*C. B. Goodrich*, for the plaintiffs, cited, upon the question of interpleader, *Hoggart* v. *Cutts*, 1 Cr. & Phil. 197; *Birch* v. *Corbin*, 1 Cox Ch. 144; *Crawford* v. *Fisher*, 1 Hare, 436; and upon the question of the liability of the corporation, Gen. Sts. c. 60, § 13; Rev. Sts. c. 38, § 12; St. 1838, c. 98, § 1; *Crease* v. *Babcock*, 10 Met. 525, 545; *Stone* v. *Hackett*, 12 Gray, 227, 231, 232; *Fisher* v. *Essex Bank*, 5 Gray, 373, 381; *Union Bank* v. *Laird*, 2 Wheat. 390; *Hartga* v. *Bank of England*, 3 Ves. Jr. 55; *Bank of England* v. *Parsons*, 5 Ves. 665, 669; *Austin* v. *Bank of England*, 8 Ves. 522; *Bank of England* v. *Lunn*, 15

Ves. 569; *Davis* v. *Bank of England*, 2 Bing. 393, 407; *Churchill* v. *Bank of England*, 11 M. & W. 323; *Bristed* v. *Wilkins*, 3 Hare, 235; *Pearson* v. *Bank of England*, 2 Cox Ch. 175; *Bank of England* v. *Moffat*, 3 Bro. Ch. 260; *Franklin* v. *Bank of England*, 9 B. & C. 156; *Hutchins* v. *State Bank*, 12 Met. 421; *Mansur* v. *Pratt*, 101 Mass. 60; Drewry on Injunctions, 335; Hill on Trustees, 445; Lewin on Trusts, 86.; *Shaw* v. *Spencer*, 100 Mass. 382, 388, 394; *Wall* v. *Provident Institution for Savings*, 3 Allen, 96; *Chapman* v. *Edmands*, Ib. 512; *Bank of Bengal* v. *East India Co.* 2 Knapp, 245.

*C. W. Loring*, pro se, besides cases cited by the corporation, cited *Sturtevant* v. *Jaques*, 14 Allen, 523; *Lowry* v. *Commercial Bank*, Taney, 310; *Bayard* v. *Farmers' Bank*, 52 Penn. State, 232; *Farmers' Bank* v. *Wayman*, 5 Gill, 336; *Cohen* v. *Gwynn*, 4 Maryl. Ch. 357; *Saxon* v. *Barksdale*, 4 Desaus. 522; *Pollock* v. *National Bank*, 3 Selden, 274, 278; Perry on Trusts, § 242; *Sewall* v. *Boston Water Power Co.* 4 Allen, 277; *Bridgeport Bank* v. *New York & New Haven Railroad Co.* 30 Conn. 231; *Atkinson* v. *Atkinson*, 8 Allen, 15.

*H. C. Hutchins & H. H. Currier*, for Townsend, besides cases cited by the other parties, referred to *In re London & Provincial Telegraph Co.* Law Rep. 9 Eq. 653; *Heritage's case*, Ib. 5; *Dodds* v. *Hills*, 2 Hem. & Mil. 424; *Davis* v. *Bank of England*, 9 Moore, 747, 774; *Albert* v. *Baltimore Savings Bank*, 1 Maryl. Ch. 407; *Mount Holly Turnpike Co.* v. *Ferree*, 2 C. E. Green, 117; *New York & New Haven Railroad Co.* v. *Schuyler*, 17 N. Y. 592, 38 Barb. 534, and 34 N. Y. 30, 72; *Stebbins* v. *Phœnix Insurance Co.* 3 Paige, 350; *In re Bahia & San Francisco Railway Co.* Law Rep. 3 Q. B. 584; Angell & Ames on Corporations, (9th ed.) §§ 581 *a*, 582, 583, 587.

CHAPMAN, C. J. The stock, upon which the dividend in question was declared, was held by George H. Rogers as trustee of Mrs. Mountford under her marriage settlement, and stood upon the plaintiffs' books in his name as " George H. Rogers, trustee.' It was transferred by him, by the method prescribed in the Gen Sts. c. 60, § 13, but in pledge to secure his own debts, and in fraud of his *cestui que trust*, to various persons, from whom by

several mesne conveyances it came to the hands of the defendant Townsend, who received it in good faith, for a valuable consideration, and without notice of the trust, and thus acquired a good title in the stock. *Stone* v. *Hackett*, 12 Gray, 227, 231.

The defendant Loring, having been appointed, upon the death of Rogers, trustee of Mrs. Mountford, contends that the plaintiffs were themselves in law her trustees and bound to protect her interests against any fraudulent transfer by Rogers ; and that it was wrongful in the plaintiffs to record his assignment and issue new certificates to his assignee, because they knew, or had reason to know, by the manner in which Rogers transferred and used the stock, and by his receipts and the entries on their books, that he was transferring and using the stock for his own benefit and in violation of his trust and in fraud of his *cestui que trust*. That question cannot be tried upon this bill. The plaintiffs cannot in strictness be called trustees of the stock. They have no title in it, nor can they restore it, or render to the *cestui que trust* anything but damages. If the plaintiffs have acted tortiously, whether through negligence or constructive fraud, in recording the transfers and issuing certificates, the appropriate remedy of the *cestui que trust*, and an adequate and complete one, is by an action at law against them for damages. *Sewall* v. *Boston Water Power Co.* 4 Allen, 277. *Pollock* v. *National Bank*, 3 Selden, 274, 278. *Farmers' Bank* v. *Wayman*, 5 Gill, 336. *Cohen* v. *Gwynn*, 4 Maryl. Ch. 357.

But the dividend, which is the specific fund in controversy, is not affected by the question whether the plaintiffs are so liable. They have no beneficial interest in the dividend ; each of the defendants claims it ; and the plaintiffs cannot determine without hazard to themselves to which of the defendants it belongs. This is sufficient to maintain a bill of interpleader, although the plaintiffs may have interests in other questions not relating to the specific fund. *Atkinson* v. *Manks*, 1 Cowen, 691, 705. *Shaw* v. *Coster*, 8 Paige, 339. *Oppenheim* v. *Leowolf*, 3 Sandf. Ch. 571. The decree of interpleader must therefore be affirmed.

The defendant Townsend, holding the stock by a *bonâ fide* transfer for a pecuniary consideration, was not bound to examine

the books of the corporation, or to look beyond the certificates which were assigned to him, in search after the validity of former assignments, and is entitled to the dividend in controversy. *Lowry* v. *Commercial Bank*, Taney, 310. *Bayard* v. *Farmers' Bank*, 52 Penn. State, 232. But it appears that the stock was transferred to him as security for a loan, the amount of which is agreed upon ; and it is agreed that, upon payment of this loan with interest, the defendant Loring is entitled to redeem the stock. The decree may therefore be, that, upon payment of the amount due within a reasonable time to be fixed by the decree, the dividend may be paid to Loring, otherwise to Townsend.

*Decree accordingly.*