THE BRISTOL SAVINGS BANK *vs.* JULIAN R. HOLLEY,
EXECUTOR, ET AL.

* Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The life tenant of stocks held for him in trust was permitted by the
trustee to pledge them as collateral for a loan, as he was authorized
to do by the terms of the will. Before repaying the loan the life
tenant died, and the trustee settled his final account and trans-
ferred the trust estate, and all rights of action in respect thereto, to
the executor. *Held* that under these circumstances the executor
was entitled to the securities so pledged—subject only to the rights
of the pledgee—for distribution under the provisions of the will.

Administration of a decedent's estate is not complete until all the as-
sets have been turned over to those rightfully entitled to them.

Argued June 21st—decided August 12th, 1904.

ACTION of interpleader, brought to the Superior Court
for Hartford County where the allegations in the complaint
were found to be true, the defendants ordered to inter-
plead, which they did, and the cause reserved (*George
W. Wheeler, J.*) for the advice of this court, there being also
a special finding of further facts. *Judgment advised for the
administrator c. t. a. of the estate of Elisha N. Welch.*

*Josiah H. Peck,* for the plaintiff.

*Theodore M. Maltbie,* for Edward A. Freeman, adminis-
trator, *et al.*

*Charles E. Perkins* and *William Waldo Hyde,* with whom
was *Roger S. Newell,* for Julian R. Holley, executor.

BALDWIN, J.   Shares in sundry corporations, standing in
the name of George W. Mitchell, trustee under the will of
Elisha N. Welch, were pledged to the plaintiff by James
H. Welch, shortly before his death, to secure his notes,

under circumstances stated in the case of *Freeman* v. *Bristol Savings Bank,* 76 Conn. 212. The notes have been paid, by the application of part of the securities, and this suit is brought to determine the title to the balance remaining in the hands of the pledgee.

James H. Welch had no legal title to what he pledged. At his death the beneficial interest in this property went, under the fifth codicil of his father's will, to the residuary legatees, subject to the rights of the pledgee. The absolute gift made to James H. Welch by the original will was reduced to a life estate by the clear words of this codicil, notwithstanding the power given to the trustee to confide the trust funds to his possession and control. James H. Welch made these pledges under authority derived from the trustee, who had intrusted him with the stock certificates indorsed in blank. He received them into his custody as an agent for the trustee, and the rights of the plaintiff, under the circumstances, were the same as if the trustee had pledged them himself. *Freeman* v. *Bristol Savings Bank,* 76 Conn. 212, 218. Whatever agency was thus created ceased with the life of the agent. The trustee, as principal, had been at all times entitled to demand the stocks, on payment of the notes, and he only could demand them, or what remained of them, after the death of James H. Welch.

The answer of the trustee by way of interpleader disclaims any interest in the securities, and alleges that upon the death of James H. Welch he filed his final account as trustee under the will of Elisha N. Welch in the Court of Probate for the district of Bristol; transferred the trust estate " and any rights or rights of action in regard to said estate, or pertaining to him as trustee, to the administrator with the will annexed of said estate; and was duly discharged as trustee by said Court of Probate." No reply having been filed to this answer by any of the parties interpleading, it must be taken as true.

It follows that the administrator *cum testamento annexo* of the estate of Elisha N. Welch now holds whatever title to the pledged securities was formerly held by the trustee

for James H. Welch. As they formed part of the residuary estate of Elisha N. Welch, it would have been proper for the trustee, had he regained possession of them, to turn them over to the administrator, upon whom the duty of collecting and distributing that residue was cast by law. In lieu of this, he transferred his right of action in respect to them, and that is equally effectual to support the claim of the administrator against the bank. The administration of a dead man's estate is never complete until all the assets have been turned over to those rightfully entitled to them. *Chamberlin's Appeal*, 70 Conn. 363, 376.

The Superior Court is advised to order the plaintiff to pay and transfer the property in question to the administrator *cum testamento annexo* of the estate of Elisha N. Welch, deceased.

No costs will be taxed in this court in favor of or against any of the parties.

In this opinion the other judges concurred.

