CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *vs.* LEMUEL W. COOK & another, administrator.

Suffolk.    October 22, 1914. — November 23, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* Bill of interpleader. *Equity Pleading and Practice,* Hearing on bill of interpleader and answer.

If upon the hearing of a bill of interpleader it appears that there is an obligation of the plaintiff to one of the defendants which is connected with the subject matter of the alleged controversy between the defendants and which cannot be determined in litigation to which the defendants alone are parties, the bill must be dismissed, because a decree ordering the defendants to interplead and allowing the plaintiff to retire, which would be necessary if the suit were maintained, would relieve the plaintiff from all further liability to either defendant touching the subject matter of the bill.

By a failure to join issue upon the answers to a bill of interpleader the plaintiff admits all facts properly averred in such answers.

In answer to a bill of interpleader brought by a life insurance company against one to whom it had issued a policy of endowment insurance in the sum of $25,000, which had matured, and one who claimed the policy as an assignee, the insured admitted that he had placed the policy in the possession of the assignee, but alleged that it was to secure a loan of $6,000 only, and the assignee in his answer alleged that he for eight years had held the policy and an assignment of it as

security for a loan of $21,500, that the plaintiff had known of the assignment from the time when it was made "and always has recognized the same," that his right to claim the $21,500 from the plaintiff did not depend solely upon the validity of the assignment as between him and the assured, but also upon the fact that, through representations and warranties of the plaintiff that the assignment was valid, he had been induced to advance and had advanced the sum in question. The plaintiff did not join issue on the answers but moved for a decree upon the bill and answers. *Held,* that the bill should be dismissed, because upon the allegations of the answers, which must be taken to be admitted, it appeared that there was a claim against the plaintiff which could not be adjudicated in an issue between the defendants only.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 4, 1914, and afterwards amended, praying that the defendants, Lemuel W. Cook and Harry R. Stanley, administrator of the estate of Charles R. Stanley, be ordered to interplead as to their respective rights in the proceeds of a certain matured endowment life insurance policy in the sum of $25,000 issued by the plaintiff to the defendant Cook on February 20, 1893, which the defendant Stanley as administrator claimed under an alleged assignment by Cook, notice of which Stanley gave to the plaintiff on August 25, 1913, and the validity of which Cook denied.

The plaintiff also alleged that it had no interest in the subject matter of the controversy between the defendants Cook and Stanley as administrator and at the time of filing this bill had paid into court the amount due under the policy, to wit, the sum of $25,449.50.

In the third paragraph of his answer the defendant Stanley admitted that he gave to the plaintiff, on August 25, 1913, formal written notice that he held a written assignment of the policy duly executed by Cook on January 19, 1906, but stated "that this was not the first notice that the plaintiff had of said assignment, but, on the contrary, that the plaintiff had had knowledge of said assignment from the day of its date, and always has recognized the same." And he further alleged that his claim against the plaintiff "does not depend solely upon the validity of said assignment as between him and said Cook, but" that he also contended that the plaintiff "through its agents, so represented and warranted to" him "that said assignment was legal and valid, that by reason of the said conduct of the" plaintiff he was induced to advance, and did advance, $21,500 upon the security of the assignment, and that he had a claim against the plaintiff

which could not properly be litigated in this suit; that the plaintiff was liable to him for the sum advanced and interest thereon, regardless of the question whether it might also be liable to Cook for the same sum or any part thereof.

The defendant Cook in the third paragraph of his answer denied that he ever executed any assignment, as alleged, to the defendant Stanley, but alleged that he did, with full knowledge of the plaintiff, "loan said respondent Williams * his policy, . . . for the purpose of his, the said Williams, borrowing the sum of $6,000 from said Stanley," but he denied that Stanley had any right to keep or hold the policy for more than the sum of $6,000, which, he alleged, he was ready and willing to pay Stanley at any time, "and hereby authorizes the said plaintiff, the Connecticut Mutual Life Insurance Company, to turn over to" Stanley "said sum of $6,000 forthwith, without, however, waiving any of" his, Cook's, rights in the sums remaining in court.

The plaintiff did not join issue on the allegations of the answers, but moved upon the bill and answers for a decree adjudging that the bill was properly brought, that the plaintiff was entitled to relief and that it be dismissed from the suit with its costs to be taxed out of the fund, that it be "released and discharged from all claims of liability to either of the defendants in this suit from said fund or any part thereof," and that the defendants be ordered to interplead and to adjust their several claims as between themselves.

The motion was denied by *Hammond, J.,* and the plaintiff appealed.

Upon order of *Hammond, J.,* a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*F. H. Nash,* for the plaintiff.

*S. A. Fuller & D. B. Beard,* for the defendant Cook.

*G. L. Mayberry, J. M. Hallowell & F. T. Hammond,* for the defendant Stanley.

BRALEY, J. The plaintiff asks by a bill of interpleader for protection against suits by the defendants to recover the proceeds of a policy in which it disclaims any interest, and, on filing the bill,

* The record discloses no "respondent Williams," and there is no mention in any part of it, excepting in this paragraph, of any one named "Williams."

irregularly paid the money into court to abide the result between the rival claimants. If, however, an obligation to one of the defendants connected with the assignment of the policy which cannot be determined in a litigation between themselves has been incurred, no decree allowing the company to retire and ordering them to interplead should be entered. It is settled that such a decree is an adjudication relieving the plaintiff from all further liability to either claimant. *National Life Ins. Co.* v. *Pingrey,* 141 Mass. 411, 413. *Killian* v. *Ebbinghaus,* 110 U. S. 568, 572. The defendants having denied some of the material allegations, the plaintiff, before it could be discharged, was required to show affirmatively that the bill could be maintained. *Bristol Savings Bank* v. *Holley,* 77 Conn. 225. *City Bank* v. *Bangs,* 2 Paige, 570. *Bolton* v. *Williams,* 4 Bro. Ch. 297. But not having joined issue, the averments of fact in the answers must be treated as admitted. *Perkins* v. *Nichols,* 11 Allen, 542.

It appears that the defendant Cook, who is the assured and the alleged assignor, denies the execution of the assignment of the policy, although he admits his liability for a part of the indebtedness for which it was taken as security. The defendant Stanley, the alleged assignee and creditor, while relying on the assignment, further avers that he was induced to lend the money through the representations and warranty of the plaintiff that the instrument was valid. This question, upon which we express no opinion, cannot be litigated on a bill of interpleader. *Welch* v. *Boston,* 208 Mass. 326, 327, 328. The plaintiff is not entitled to the aid of a court of equity to forestall an action at law by the assignee where there is no privity of contract between itself and the owners of the proceeds as alleged in the bill. *First National Bank of Morristown* v. *Bininger,* 11 C. E. Green, 345. *Crawshay* v. *Thornton,* 7 Sim. 391; *S. C.* 2 Myl. & Cr. 1.

It is urged, however, under the decision in *Salisbury Mills* v. *Townsend,* 109 Mass. 115, that, even if it may be responsible in damages, the plaintiff would have no right to reimbursement from the proceeds, the distribution of which depends upon the title of the claimants, and the fund is to be treated as not affected by any cause of action arising from its conduct. The controversy in *Salisbury Mills* v. *Townsend* arose over the right of the defendants severally to a dividend on certain shares of the plaintiff's

capital stock which had been fraudulently transferred on the books of the corporation by the trustee of one of the claimants to the other claimant. It was decided, that, whether the corporation could be held liable to the party defrauded for permitting the transfer where it had constructive notice from the wording of the certificate that the shares were held in trust, did not prevent the court from determining on a bill of interpleader to whom the dividend rightfully belonged. See *Loring* v. *Salisbury Mills*, 125 Mass. 138. But the corporation had not acknowledged the right of either claimant to the stock or to the dividend. It was a mere stakeholder as to the dividend. The plaintiff in the present case having expressly recognized the title of the assignee as valid, it voluntarily aided him in so far as it was able to the prejudice of the policy holder. If the defendants are ordered to interplead and the assignee prevails, the plaintiff irrespective of the outcome is relieved at least from the burden of an independent suit based on its warranty and representations, and it having ceased to be a mere depositary indifferent to the result, the decree dismissing the bill must be affirmed with costs. *National Security Bank of Boston* v. *Batt*, 215 Mass. 489. *Marvin* v. *Ellwood*, 11 Paige, 365. *Lincoln* v. *Rutland & Burlington Railroad*, 24 Vt. 639.

*Ordered accordingly.*