ELIZABETH W. PRATT, executrix, *vs.* TAUNTON COPPER MANUFACTURING COMPANY & another.

SAME *vs.* MACHINISTS' NATIONAL BANK & another.

Bristol. Jan. 3. — Sept. 5, 1877. COLT, AMES & SOULE, JJ., absent.

If a certificate of shares in the capital stock of a corporation is taken without the owner's knowledge, and, together with a forged power of attorney, is delivered to an auctioneer for sale, to whom the corporation issues a new certificate in the name of the auctioneer, who delivers it to an innocent purchaser for value, to whom, in turn, on its presentation, the corporation issues a new certificate, the owner is entitled, on a bill in equity against the corporation and purchaser, to a decree to com-

pel the corporation to issue to him a certificate for his shares and to pay him the dividends thereon, but not to a decree against the purchaser; and, upon such a bill, the court cannot decide, unless by consent, whether the corporation is liable to the purchaser.

GRAY, C. J.   The plaintiff was the owner of shares in each of the defendant corporations, and held certificates therefor, which were taken from her house without her knowledge, and, together with a forged power of attorney in her name to the corporation, delivered to W. N. Field & Company, brokers, for sale.   Field & Company employed Hawes & Henshaw, stock auctioneers, to sell the shares by auction, and they sold them accordingly.   Field & Company afterwards presented the certificate and power of attorney, in the one case, to the clerk of the corporation, duly empowered to make transfers, and, in the other case, to the cashier of the bank, and obtained from each a transfer of the stock and a new certificate, with a new number, in the name of Hawes & Henshaw, and delivered it to them; and Hawes & Henshaw delivered and assigned the new certificate to the purchaser in each case, who thereupon paid to them the sum for which he had bid off the stock, which was its fair market value, and they paid the same, less their commission, to Field & Company.   The purchaser surrendered the new certificate to the corporation, and the corporation thereupon issued to him another certificate, which he now holds.   Neither Hawes & Henshaw nor the purchaser had any knowledge, until after the transfer and issue of the certificate to him, that the plaintiff ever owned the shares; and the purchaser did not see any certificate of the stock until he paid for the one issued to him.

The plaintiff brings a bill in equity against each of the corporations and the purchaser of the shares therein, praying that the latter may be ordered to surrender his certificate to the corporation to be cancelled, and that the corporation may be ordered to issue to the plaintiff a new certificate for her shares, and to pay to her all dividends declared or to be declared thereon to the date of the decree, and for further relief.

The questions reserved for our determination in each case, by the justice before whom the hearing was had, are, 1st. Whether the plaintiff is entitled to the relief prayed for in the bill; 2d. Whether she is entitled to relief against the defendant corpora-

tion alone; 3d. Whether she is entitled to relief against the individual defendant, and, if so, whether the corporation should be ordered to pay to him the amount paid by him for the stock in question, with interest from the date of payment, or any other amount.

It is quite clear that the plaintiff could not be deprived of her stock without consent or negligence on her part, and that, the power of attorney in her name being forged, she may maintain each of these bills to compel the corporation to issue a certificate to her for her shares, and to pay her the dividends thereon. *Ashby* v. *Blackwell*, 2 Eden, 299; *S. C.* Ambl. 503. *Sloman* v. *Bank of England*, 14 Sim. 475. *Midland Railway* v. *Taylor*, 8 H. L. Cas. 751. *Pollock* v. *National Bank*, 3 Selden, 274. *Sewall* v. *Boston Water Power Co.* 4 Allen, 277.

But the individual defendant was a purchaser in good faith for full consideration, without knowledge or notice of the plaintiff's title or of the forgery, and does not hold the certificates which she had. The immediate transfer to him was made by Hawes & Henshaw, who then held a new certificate of stock; and the corporation, upon his surrender of that certificate, issued to him another one. His rights against the corporation depend upon the effect of this certificate, and the plaintiff is clearly entitled to no decree against him. *Salisbury Mills* v. *Townsend*, 109 Mass. 115. *Lowry* v. *Commercial Bank*, Taney, 310. *Bank* v. *Lanier*, 11 Wall. 369. *In re Bahia & San Francisco Railway*, L. R. 3 Q. B. 584. If he had claimed under a transfer which he knew, or was bound to know, to be forged or invalid, a different case would have been presented. *Cottam* v. *Eastern Counties Railway*, 1 Johns. & Hem. 243. *Johnston* v. *Renton*, L. R. 9 Eq. 181. *Tayler* v. *Great Indian Peninsula Railway*, 4 De G. & J. 559. *Denny* v. *Lyon*, 38 Penn. St. 98.

It is contended, upon the precedent of *Ashby* v. *Blackwell*, above cited, that the decree should order the corporation to pay to the other defendant the sum which he paid for the stock. But the reports of that case show that all the parties submitted to the decision of the court, as the only question, whether the purchaser or the company should bear the loss. Where, as in this case, the relief given to the plaintiff does not require or involve the decision of any question between co-defendants, the

court, unless by consent, does not and cannot decide such a question so as to bind the co-defendants as against each other, but leaves it to be settled in a proper suit between them. *Cottam* v. *Eastern Counties Railway*, and *Johnston* v. *Renton*, above cited. *Cottingham* v. *Shrewsbury*, 3 Hare, 627, 638. *Fletcher* v. *Green*, 33 Beav. 426. *Sewall* v. *Boston Water Power Co.* 4 Allen, 277, 283. *Carlton* v. *Jackson*, 121 Mass. 592, 597.

The result is, that in each case there should be a decree for the plaintiff against the corporation, with costs ; and, as to the other defendant, the bill should be dismissed, without costs ; this decree to be without prejudice to any question at law or in equity between the co-defendants.           *Decrees accordingly.*

*G. E. Williams*, for the plaintiff.

*E. H. Bennett*, for the corporations.

*J. H. Hardy*, for the individual defendant in the first case.

*A. S. Wheeler*, for the individual defendant in the second case.