## MACHINISTS' NATIONAL BANK *vs.* WILLIAM N. FIELD & others.

Bristol.   Oct. 23, 1878. — March 3, 1879.   ENDICOTT & LORD, JJ., absent.

A certificate of shares in the capital stock of a corporation was taken without the owner's knowledge, and, together with a forged power of attorney, delivered to a broker for sale.  The broker employed an auctioneer, who sold the stock to a purchaser.  The broker then sent the stolen certificate with the forged power of attorney to the corporation, requesting a new certificate in the name of the auctioneer.  The corporation complied with the request, and the new certificate was sent to the auctioneer, who delivered it to the broker with a power of attorney, who in turn delivered it to the purchaser, to whom the corporation afterwards issued a new certificate.  The broker, the auctioneer, the purchaser and the corporation acted in good faith, and supposed the forged power of attorney to be genuine.  The original owner then brought a bill in equity against the

corporation, and obtained a decree ordering it to procure and transfer to the plaintiff the shares of stock, and to make and deliver a certificate of the same. The corporation thereupon issued a certificate for the shares in question, and thereby increased its capital stock. It then brought a bill in equity against the broker, the auctioneer and the purchaser, setting forth the above facts *Held*, that the bill could not be maintained.

BILL IN EQUITY against William N. Field, a broker, Joseph P. Hawes and Francis Henshaw, auctioneers. under the firm of Hawes & Henshaw, and Theodore Dean. Hearing before *Ames*, J., who reported the case upon the pleadings and the following facts, for the entry of such decree as, in the opinion of the full court, the case might require:

Elizabeth W. Pratt was the owner of twelve shares of the capital stock of the plaintiff bank, for which she held a certificate, dated October 15, 1875, and this certificate was taken from her house without her knowledge by Charles C. Pratt, and, with a forged power of attorney, delivered to the defendant Field, who employed Hawes & Henshaw to sell the twelve shares by auction; and they sold the same, on March 8, 1876, to Dean, for $1920. On March 10, 1876, Field called on Hawes & Henshaw, for the proceeds of the sale, and they informed him that, in accordance with their practice, they would pay over the same on receiving from the bank a certificate of the shares; and thereupon Field, believing the power of attorney to be genuine, sent the certificate, with the forged power of attorney, to the bank, with a letter, requesting a transfer of the shares to· Hawes & Henshaw. The president of the bank, believing the power of attorney to be executed by Elizabeth W. Pratt, inserted his own name therein as attorney, and transferred the twelve shares to Hawes & Henshaw, and issued a certificate therefor to them, and sent this certificate to Field, who delivered it to Hawes & Henshaw, and they paid him the proceeds of the sale less $1.50, their commissions for selling. Hawes & Henshaw delivered this certificate to Dean with a power of attorney to transfer the same, and Dean paid them therefor $1920. Dean, who was then the holder of a certificate for forty-three shares of said stock, executed an assignment of the twelve shares to himself; and, upon the surrender of the respective certificates for forty-three shares and twelve shares, the bank issued to him a certificate for fifty-five shares, which he now holds. The bank paid to Dean the divi-

dend declared in April 1876. Field, on March 13, 1876, paid to Charles C. Pratt the amount received by him from Hawes & Henshaw, less $1.50, his commission as broker on the sale.

Neither Hawes & Henshaw nor Dean ever saw the certificate of the shares in the name of said Elizabeth W. Pratt, nor the power of attorney under which the same were transferred, or ever knew or heard that she was the owner of the same, or who was the owner of the same till after the issue by the bank of the certificate to Hawes & Henshaw, and until after the transfer and issue of the certificate to Dean.

Field acted in good faith in the sale of the shares, and there was no evidence that he had any knowledge or suspicion of the forgery of the power of attorney, and he never made any representation to the bank or its president, or had any communication with either, except the letter above referred to.

Elizabeth W. Pratt, in June 1876, filed a bill in this court against the bank, praying that said twelve shares might be reissued to her, and obtained a decree ordering the bank to " procure and transfer to the plaintiff her twelve shares of the capital stock of the defendant corporation, as described in the bill, and make and deliver to the plaintiff a proper and legal certificate for the same, and make a proper and legal record upon the books of said corporation of said transfer and certificate ; " and also to pay to the plaintiff the dividends declared upon the twelve shares. See 123 Mass. 110. The bank reissued to Elizabeth W. Pratt a certificate for her twelve shares, and there are now outstanding, issued by the bank, certificates for twelve shares more than the authorized capital.

The present bill concluded thus : " Wherefore, inasmuch as there are now two different parties, claiming distinct rights or interests in the same stock, which cannot be justly and definitely decided in an action at law, and whereas there is no plain, adequate and complete remedy at the common law, but the same is properly cognizable only in a court of equity, the said bank brings this bill in equity, and prays for a decree that said Field and said Hawes & Henshaw may be ordered to repay to said bank the amount so received from said Dean for said twelve shares of stock, that said bank may return the same to said Dean, or to repay the same to said Dean directly; and that he may be ordered

to surrender to said bank his said certificate of fifty-five shares, and retake his former certificate of said forty-three shares before owned by him, and all parties restored to their former position; or that such other orders and decrees may be made as law and justice may require, or as to your honors may seem meet;" with a prayer for process.

*E. H. Bennett & H. J. Fuller*, for the plaintiff.

*Jabez S. Holmes*, for Field.

*A. S. Wheeler*, for the other defendants.

GRAY, C. J. This bill cannot be maintained. The sole ground on which it invokes jurisdiction in equity is that " there are now two different parties claiming distinct rights or interests in the same stock, which cannot be justly and definitely decided in an action at law;" and the relief specifically prayed for is that Dean may surrender to the plaintiff bank the certificate of the new shares issued by it to him, and that Field and Hawes & Henshaw may be ordered either to repay to the plaintiff the money received by Hawes & Henshaw from Dean for these shares, so that the plaintiff may return that money to Dean, or else to repay the money to Dean directly.

Dean cannot be ordered to return his certificate, because he purchased the shares in good faith and for valuable consideration, and the certificate issued to him is as against the bank conclusive evidence of his title. The bank has no right to compel him rather than any other stockholder to give up his certificate and thereby assume the responsibility of its own illegal act in issuing a greater number of shares than the law authorized. *Salisbury Mills* v. *Townsend*, 109 Mass. 115, 122. *Pratt* v. *Machinists' Bank*, 123 Mass. 110, 112. *Lowry* v. *Commercial & Farmers' Bank*, Taney, 310, 328. *In re Bahia & San Francisco Railway*, L. R. 3 Q. B. 584. *Holbrook* v. *New Jersey Zinc Co.*, 57 N. Y. 616. The relief specifically prayed for against Field and against Hawes & Henshaw is for Dean's benefit, and contingent upon his being ordered to surrender his certificate, and, as he is not bound to do so, he has no claim to be repaid any money by either of the other defendants.

The general relief prayed for must be confined to the ground of jurisdiction stated in the bill; and it is quite clear that there are not two parties before the court, claiming distinct rights or

interests in the same stock. Mrs. Pratt is not a party, but has obtained her rights in her former suit against the bank. The only party claiming the shares in question is Dean, whose title, as we have seen, this plaintiff cannot controvert. Hawes & Henshaw claim no title in the stock, and are protected, equally with Dean, by the certificates issued to them by the plaintiff. Field also has and claims no title in the stock, and if, by reason of his having presented to the bank the forged power of attorney upon which the new certificates were issued, he is liable to the bank in any form, (of which we give no opinion,) the bank has an adequate remedy against him alone by action at law.

*Bill dismissed, with costs.*