Lucy Anderson v. Waco State Bank.

No. 767. Decided March 6, 1899.

1. Legal and Equitable Rights.

Where equities are equal the rights of the holder of the legal title must prevail. (P. 509.)

2. Corporate Stock—Pledge—Wife's Separate Property.

The pledge and transfer as security for a loan, of corporate stock issued in the name of the pledgor and showing him to be the owner, entitled the bona fide pledgee to hold such security as against the wife of the pledgor whose separate means were used to purchase the stock and who had not known of or consented to its issuance in the husband's name or pledge by him for his own debt. (Pp. 507-509.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*W. S. Baker* and *S. P. Ross*, for appellant.—The husband has no right to pledge the wife's separate property without her knowledge or consent, and her rights thereto, unless estopped, are superior to the lien of an innocent pledgee. Rev. Stats., art. 2967; McKay v. Treadwell, 8 Texas, 176; Kempner v. Comer, 73 Texas, 196; Parker v. Coop, 60 Texas, 114; Woodward v. McNeil, 75 Texas, 146; Wood's Appeal, 92 Pa. St., 379; Jones on Pledges. sec. 466; Cook on Stock and Stockh., sec. 416.

The nine shares of stock were neither payable to order nor bearer, were non-negotiable, and could only pass by assignment, and the Waco State Bank took as pledgee subject to the superior rights of Lucy Anderson. Rev. Stats., arts 308, 311; Bank v. Turnley, 61 Texas, 365; Jones on Pledges, 461; Cook on Stock and Stockh., sec. 412; 2 Dan. Neg. Inst., sec. 1708.

*A. C. Prendergast,* for appellee.—When the certificate of shares of stock in a Texas corporation, as shown by the stock itself and the books of the corporation is issued in the name of and to H. C. Anderson, and such stock is in his possession, and money is loaned and paid to him by the Waco State Bank upon the faith and credit of such stock as security, and the assignment and delivery of such stock to the bank, without any knowledge or notice whatever that the said stock was the separate property of his wife, and without notice of any fact which would put the bank upon inquiry or cause them to suspect that the stock is not what it purports to be on its face, then the bank is an innocent purchaser or lienholder for value without notice, and is entitled to have such lien foreclosed, and the court did not err in so holding, although as between husband and wife it was the wife's separate property. Rev. Stats., arts. 666, 2969, 4653-4659; Hill v. Moore, 62 Texas, 610; Edwards v. Brown, 68 Texas, 329; 1 Cook on Stock and Stockh., secs. 416, 443, 444, 367, 369, 473; Bank v. Turnley, 61 Texas, 365; Hudson v. Wilkinson, 61 Texas, 606; Winter v. Montgomery, etc., Co., 7 So. Rep., 773; 2 Thomp. on Corp., secs. 2589, 2590, 2593, 2599, 2594, 2561, 2595, 2603; McNeil v. Bank, 46 N. Y., 325; Turnpike Co. v. Ferree, 17 N. J. Eq., 117.

DENMAN. ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified the following explanatory statement and question:

"The Waco State Bank brought this suit against Lucy Anderson, the surviving wife of H. C. Anderson, and H. C., May, John, and Hortense Anderson, minor children and heirs of H. C. Anderson.

"The action is founded upon a promissory note for $300 executed by H. C. Anderson June 9, 1896, payable to said bank or order, ninety days after date, with interest after maturity at 10 per cent per annum, and 10 per cent attorney's fees. To secure the payment of the note, H. C. Anderson, deceased, delivered to and pledged with the bank nine shares

of stock of the face value of $100 each in the Texas Savings Loan Association.

"The plaintiff in error, Mrs. Lucy Anderson, alleged that the shares of stock referred to were her separate property, and were pledged to the bank without her authority.

"The bank alleged that it was an innocent pledgee of the stock, that it had no notice of Mrs. Anderson's claim thereto at the time it acquired it, and that it took it as security for money advanced to H. C. Anderson,. and prayed for a foreclosure of its lien on said stock.

"The District Court held that the bank was an innocent holder of the stock, and entitled to have its lien foreclosed as against all of the defendants; and rendered judgment accordingly.

"The uncontroverted testimony shows and we find that H. C. Anderson, deceased, borrowed $300 from the Waco State Bank, and to secure the same pledged the shares of stock referred to. The certificate of stock referred to reads as follows:

" 'Incorporated Under the Laws of the State of Texas.

" 'No. 129. 9 shares. Texas Savings Loan Association; capital stock, $100,000. This certifies that H. C. Anderson is the owner of nine shares of one hundred dollars each of the capital stock of the Texas Savings Loan. Association, transferable only on the books of the corporation, in person or by attorney on surrender of this certificate.

" 'In witness whereof, the duly authorized officers of this corporation have hereunto subscribed their names and caused the corporate seal to be hereto affixed at Waco, Texas, this 30th day of March, A. D. 1896.
[Seal]          (Signed)          " 'W. D. Mayfield, President.
" 'John D. Mayfield, Secretary.'

"At the time H. C. Anderson pledged the stock to the bank, he made the following indorsement on the back thereof:

" 'For value received —— hereby sell, transfer, and assign to —— the shares of stock within mentioned, and hereby authorize —— to make the necessary transfer on the books of the corporation. Witness my hand and seal, this 9th day of June, 1896.
" 'H. C. Anderson.
" 'Witness: Meredith A. Sullivan, W. W. Seley.'

"The bank accepted this stock as collateral security for the money loaned to Anderson, and at the time of doing so it had no notice of the fact that the stock had been purchased with the separate means of Mrs. Anderson, and no notice of the fact that she claimed said stock as her separate property. In fact, it was some time after the death of H. C. Anderson, and after the maturity of the note, that the bank learned of Mrs. Anderson's claim to the stock. The uncontroverted testimony further shows and we find that prior to the issuance of the stock referred

to Mrs. Anderson had a sum of money belonging to her separate estate which was in the possession of H. C. Anderson, her husband; that she directed her husband to invest the same in stock of the corporation referred to, but instructed him to take the same in her name. Instead of carrying out these instructions, H. C. Anderson invested his wife's money, the same being her separate property, in the stock referred to, and had the same issued in his name, as shown by the certificate of stock set out above. Mrs. Anderson was not aware of this until after H. C. Anderson's death, and said nothing to the bank to induce it to accept the stock as security.

"We also find that H. C. Anderson, at the time he borrowed the $300 referred to, and at the time of his death, was insolvent, and that his estate is now insolvent.

"With the foregoing statement and explanation, the Court of Civil Appeals for the Third District certifies to the Supreme Court for decision, the following question:

"Under the facts above stated, is Mrs. Lucy Anderson estopped from asserting her title to the shares of stock referred to; and as against her, does the bank occupy the position of an innocent pledgee, and is it entitled to have its lien foreclosed upon said stock?"

The recital in the certificates "that H. C. Anderson is the owner" would estop the loan association from denying that the legal title was in him in a controversy between it and a bona fide purchaser from him. The transaction between the bank and Anderson constituted it a bona fide holder of such stock and passed all the title held by Anderson to it as security for the loan. Thus, for the purpose of security, it held both the legal and equitable title to the stock. Mrs. Anderson at most had only a right in equity to compel H. C. Anderson to transfer the stock to her; therefore the bank and she each having an equity and the bank having in addition secured the legal title as collateral for its loan, its claim must prevail over hers. Winter v. Gas Light Co., 89 Ala., 544; Bank v. Field, 126 Mass., 345; Pratt v. Copper Mfg. Co., 123 Mass., 110; Mandlebaum v. Mining Co., 4 Mich., 465; Hill v. Moore, 62 Texas, 610; Edwards v. Brown, 68 Texas, 329. Having answered that the bank is an innocent pledgee and entitled to have its lien foreclosed, we deem it unnecessary to pass upon the question of estoppel.