MORRIS v. TIMES REVIEW PUB. CO.
et al.

No. 11049.

Court of Civil Appeals of Texas. Galveston.

Oct. 10, 1940.

Rehearing Denied Oct. 31, 1940.

Old & Lilienstern, J. A. Ward, and L. F. Benson, all of Mt. Pleasant, for appellant.

Hiram G. Brown, of Mt. Pleasant, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the District Court of Titus County, entered upon a jury's verdict in answer to one special issue submitted, wherein the appellant, Harold J. Morris, was denied any recovery against the appellees—Times Review Publishing Company, a corporation, of which G. W. Cross, Jack Cross, and Cecil Cross were president, vice president, and secretary-treasurer, respectively, as well as the sole directors, and against such three named persons as individuals—in his suit against them to compel them to transfer, or to have transferred, to him four shares of stock of such corporation on the books thereof, which shares he alleged himself to be the owner of under prior purchases one each thereof from Lorna Carr Leavell, Mr. Lilienstern, L. E. Keeney Estate, and the Rogers Estate.

The special issue, together with the jury's answer thereto, was as follows:

"Special Issue No. 1: The evidence in this case shows that plaintiff, Harold J. Morris purchased 4 shares of stock in the Times Review Publishing Co., in the first part of 1938 from Lorna Carr Leavell, Mr. Lilienstern, the L. E. Keeney Estate, and the Rogers Estate.

"Do you find from a preponderance of the evidence that in April, 1938, or about said time, plaintiff, Harold J. Morris, sold such stock to Defendant, G. W. Cross, for a consideration of $125.00, to be paid by said Cross; answer 'yes' or 'no'.

"Answer: Yes."

As will be noted, the trial court thus peremptorily charged the jury that appellant had been the actual owner of these four shares in the early part of 1938, as so alleged by him, that is, prior to the time the jury were in the quoted issue thus required to find whether he had later in that same month sold them to the appellee, G. W. Cross. So that, since neither litigant objects to this antecedent assumption of fact, the ownership of appellant at the time of this inquiry is no longer an issue.

For that reason, it is thought that the fact otherwise alleged by appellant, as well as apparently shown, that no transfer of the shares from the prior owners to him had ever been entered upon the corporation's books, nor certificate of that fact furnished him, is immaterial.

Wherefore, it is thought, the controlling, if not the sole question of law the appeal presents is whether such a sale of the same shares to the appellee, G. W. Cross, as the jury found occurred in the attending circumstances shown, constituted a defense to appellant's mandamus suit. His position here is that it did not, that the court below erred in submitting any such an issue to the jury in the first place, and, in the second, in not having at his request duly made either eliminated it by instructed verdict in his favor at the close of the evidence, or by judgment non obstante veredicto after the jury's answer had been returned.

This court cannot see eye to eye with appellant in these positions; in the first place, appellant sued the persons so constituting the directorate of the corporation—especially G. W. Cross—as individuals, as well as in their official capacities, and, as stated, it must on appeal be assumed that he was then the rightful owner of the shares at the time he came to deal concerning them with G. W. Cross individually, as

the jury found he did do; in the second place, he does not challenge the sufficiency of the evidence as a matter of fact to sustain the jury's finding that he did make the sale of the four shares to G. W. Cross for $125; but what he contends for in this connection is that, under R. S. Article 1334, along with other statutes, no such a sale as the jury found to have been made by him to G. W. Cross was or could have been valid, because such transfer was not shown to have been made either upon the books of the corporation, or in such manner as its by-laws provided, the leading authorities cited by him for that position being Walker Caldwell Producing Co. v. Menefee, Tex.Civ.App., 240 S.W. 1023, error refused, and Hendricks v. Martin, Tex. Civ.App., 267 S.W. 1047, no error applied for. In answer to these contentions, the appellees, after citing their pleading to the effect that such a sale did take place, together with ample supporting evidence for the jury's finding that it in fact took place, further answer as follows:

"Appellees earnestly contend that reason, justice, equity and the law support the judgment rendered in this cause, denying to Plaintiff ·(Appellant) the writ of mandamus. Appellees insist that there is no law in this State requiring a transfer of stock to be made in writing or in any other particular manner. Article 1334 only provides that it be transferrable only on the books of the corporation in such manner as the by-laws may prescribe. We insist that no serious effort was made upon the trial of the case on the part of Plaintiff to show what the by-laws of the Times Review Publishing Company were upon that subject. Anyway, Appellees say, that as between the transferor, Plaintiff Morris, and the transferree, G. W. Cross, that becomes immaterial, because as between them the sale and transfer by delivery of the certificates passed ownership to said Defendant Cross. Volume 10 Tex.Jur., par. 211, reads as follows:

" 'Equitable Interest of Transferee Under Incomplete Transfer—In view of the statutory provision declaring that stock shall be transferable only on the books of the corporation in such manner as the by-laws may prescribe, a transferee of a stockholder is not invested with a complete title to the stock at law—that is to say, the right of ownership as against everybody, the right in rem—until it has been transferred to him on the books of the corporation. However, as between the parties, and as to creditors of the transferor or transferee, the rule is that delivery of the stock certificate with transfer endorsed either to a designated transferee or in blank passes ownership of the stock, regardless of the fact that no entry of the transfer has been made on the books of the corporation. This is not inconsistent with the statute, which controls as to the legal title to transferred stock, but leaves the Court to enforce equities created by unregistered dealings.'

"Further quoting from Vol. 10, Tex.Jur. par. 174-176:

" 'Stock in a corporation is property and the subject of free sale and delivery * *.'

" 'Page 805:

" 'A contract for the sale of shares of stock is governed, of course, by the rules which are applicable generally to assignments, contracts and sales * * * in this respect it has been held that the seller's promise to deliver the stock is good consideration for the purchaser's obligations under the contract * * * a contract for the sale of shares may be made by parol.'

"The numerous cases cited in that text support the rule. Certainly if a parol promise to deliver is good in law, as between the parties to the transfer, then certainly the actual delivery and sale, as in the case at bar, was good as between Plaintiff and Defendant, G. W. Cross. Quoting further from Vol. 10, Tex.Jur., par. 198, pg. 831:

" '* * * However, although not negotiable in the sense that an innocent purchaser for value from a thief obtains a right to the certificate as against the owner, certificates of stock are transferrable by mere delivery.'

"The rule laid down in Vol. 10, Tex.Jur., par. 211, pg. 841, 842, hereinbefore quoted, and the cases cited therein, most definitely support the contention of Appellees in this case and the judgment entered therein. We particularly call the Court's attention to Appellant's brief on page 17 wherein he says:

" 'We have not been able to find any decisions of our Courts interpreting this statute in respect to the fact situation of this case.'

"Appellant appears to assume in his brief that even were the transfer made on the books of the corporation the transfer of the certificates would have to be made by written assignment. The authorities are

unanimous against this contention. The same argument made by Appellant in support of his contention that proof by parol of a stock transfer or purchase of stock would 'open a wide field for the practices of fraud' could just as reasonably be made and effectively be made with respect to parol proof of any contract of sale or the sale and transfer. of any property not required by statute to be consummated by written assignment. Please do not overlook the fact that the testimony was heard and a jury found therefrom that Plaintiff did sell these four shares of stock before it had been entered upon the books of the corporation to the Defendant, G. W. Cross, and that the certificates were actually delivered to said Defendant, and decided by Directors to enter same on books to G. W. Cross (S.F. p. 72). We agree heartily with Appellant that there are no decisions of our Courts in respect to a case involving facts as in the case at bar that even remotely support Appellant's contention herein. On the other hand, as shown by Authorities cited and others too numerous to mention, a transfer of stock under the facts in this case as between the parties is good. We insist that the authorities cited in Appellant's brief support the judgment rendered in this case denying the mandamus. Appellant quotes at some · length from the case of 'Walker Caldwell Producing Company v. Menefee'" [Tex.Civ. App.], 240 S.W. 1023, 1026. In that case, as is true of each case cited in Appellant's brief, the rights of third parties are involved. Appellees say that the following quotation from the part of the Court's opinion in the above case copied in Appellant's brief clearly· supports Appellees' contention of the judgment in the case at bar and holds adversely to the contention of Appellant, such portion of the quoted opinion referred to is as follows (p. 2 of Appellant's brief) :

" 'In other words, that Blank did not acquire legal title to the shares * * * because they were not obtained under regular transfer provided for by law * * and that Blank, at most, could acquire only an equitable assignment subject to the rights of Appellant under the law * *.'

"Certainly, as between the parties, the transfer under the facts of the case at bar in any event passed equitable title to Defendant, G. W. Cross, and Appellant certainly cannot himself be entitled under the facts in this case to the harsh and extraordinary remedy of mandamus to compel transfer on the books of the corporation of stock that the jury has found he had sold to G. W. Cross. In the case of 'Hendricks v. Martin' [Tex.Civ.App.], 267 S.W. 1047, cited and quoted from in Appellant's brief, it is held that the transferee, although not acquiring legal title, acquired an equitable title.

"As stated in Appellant's brief and in many of the cases cited, Article 1334 is for the protection of the corporation. On page 16 of Appellant's brief, he says:

" 'This 'statute was enacted to protect the corporation * * *.'

"Appellant, in his brief, page 23, quotes at length from the case of 'Strange v. H. & T. C. Ry. Co.', 53 Tex. 162. The following excerpt of the quoted opinion in Appellant's brief should be sufficient authority against the contention of Appellant under the facts and findings in the case at bar and sufficient authority to support the judgment denying mandamus. Such excerpt is as follows:

" '* * * Although the certificate was not the share of stock itself, it was what the company constituted the visible representation of it; and as between the shareholder and his assignee, the equitable, if not the legal title to the stock, would pass by a transfer of the certificate, and this without it being recorded on the books of the company. Angell & Ames on Corp., §§ 353–4; id., § 564; [New York & N. H.] R. R. Co. v. Schuyler, 34 N.Y. 30; McNeil v. [Tenth Nat.] Bank, 46 N.Y. [325], 331 [7 Am.Rep. 341] ; Leitch v. Wells, 48 N.Y. [585], 592; [Commercial] Bank v. Kortright, 22 Wend. [N.Y. 348], 362 [34 Am. Dec. 317] ; [Mount Holly, etc.], Turnpike Co. v. Ferree, 2 C. E. Green [117, 118], 17 N.J. [Eq. 117], 118; [Broadway] Bank v. McElrath, 2 Beasley, [24], 13 N.J. [Eq.] 24.

" 'Such certificate and transfer is prima facie sufficient to authorize the holder to demand of the company the privileges and benefits to which the original holder would be entitled. * * *' "

These answering presentments are thought to be sound. Furthermore, to say the least, in the situation as presented to an appellate court, even if it could be said that actual ownership of the shares was not shown to have passed to G. W. Cross under the alleged sale to him, still the right and title to them—as between him and the appellant as individuals—was clearly shown to have been brought into issue by the

pleadings and testimony, hence, in any event, the ownership being a matter of doubt, no drastic writ of mandamus would issue. 28 Tex.Jur., Title "Mandamus", paragraphs 11 and 12, and cited cases.

Pursuant to these conclusions an affirmance will enter.

Affirmed.