Van Vorst, J.
The claim of the plaintiffs is reasonable and just, and, in arguing that the Central Trust Company, under the circumstances of this case, should have proceeded pari passu, in the application of the securities deposited with it by Bonner & Co., as collateral security to the loans made to them, so that what loss should be occasioned to the parties whose stock and bonds Bonner & Co. wrongfully pledged to it shall fall on them ratably, they contend only for what equity approves. Had they known of the rights and claims of the plaintiffs and Marlor, at the time they sold, they should have so proceeded.
This is but an application of the principle of natural justice, which requires every one to exercise his rights in a way not to occasion loss to others, which might be avoided without inconvenience to himself.
The principle contended for by the learned counsel for the plaintiff is fundamental in equity, and is well *386 sustained by the numerous and well selected authorities which he has been careful to cite.
The securities of the plaintiffs and the defendant Marlor, in the hands of the trust company, originally stood upon equal footing, and should be regarded equally by the company. The complete interest of one real owner should not be spared at the expense of the other. Neither by a partial election, or intentional discrimination on the part of the pledgee, shall either party be disappointed.
Had the attention of the trust company been in season called to the rights of the parties claiming to own the stock and bonds, it would have been inequitable to proceed to sell the property of one exclusively, and satisfy its claims thereout, with an idea that it could in that way relieve the property of the other wholly from the burden of the loan made to Bonner & Co. That would be to throw the loss entirely on one party.
But that it has, in this manner, without notice of the claims of the - real owners, proceeded to sell the securities of one of them, has not placed it beyond the power of this court to intervene, and, even now, order to be done what equity requires; It may be that the pledgees were under no duty, and would not have been originally justified to sell more of the securities than was sufficient to satisfy its claims, but that would not relieve the unsold security from the burden of contribution.
I do not think the defendant Marlor should now be allowed to say, this “is a luclcy MV’ The Central Trust Company has satisfied its whole claim out of the plaintiff’s stock, and my property, although equally pledged, shall be free.
The stock of the defendant Marlor is still in the hands of the trust company, and relief may yet be granted on principles applicable to marshaling assets (Aldrich v. Cooper, 8 Ves. 308; Exp. Alston, L. R. 4 *387 Ch. 168; Story Eq. Jur. § 638; Broadbent v. Barlow, 3 De G., F. & J. 570 ; Cheeseborough v. Millard, 1 Johns. Ch. 409, 413).
Plaintiffs are also, as is well urged by their counsel, entitled to relief arising from the relation of surety-ship between them and the defendant Marlor, for through their stock and bonds pledged by Bonner <& Co. to the trust company, they were to that extent, in substance, sureties for the debt, and are interested upon conditions, with rights of subrogation with all its incidents (Delaware & Hudson Canal Company’s Appeal, 2 Wright, 512, 516; see also Barnes v. Mott, 64 N. Y. 397, which was applied in Green v. Milbank, 3 Abb. New Cas. 138, 155). The rule of general average, in maritime law, is founded upon the same general principle.
The plaintiffs, being in ignorance as to with whom Bonner & Co. had pledged their stock, were unable to give notice in season to prevent a sale, or adequately protect themselves, but that does not defeat their right of subrogation, and to subject the defendant’s bonds, even now, to their just proportion of a common burden. Nor is it a good answer to plaintiffs’ claim, that Bonner & Co. had wrongfully pledged the defendant’s bonds; he had done the same with the plaintiffs’ stock. The title of the trust company, who was a bona fide holder, attached to all the securities alike, and it is through such legal title and claim, as it originally existed, that the plaintiffs are entitled to relief.
And it must be adjudged that the Wabash bonds, and the Bankers’ and Brokers’ Association stock, still in the hands of the trust company, should be sold, and that the proceeds should be divided between the plaintiffs and the defendant Marlor, according to their interests, and in such proportions as is equitable, with reference to the amount realized on the sale of the *388 plaintiffs’ stock, which has already been made, and the total proceeds of the sale now ordered to be made.
Under the facts of the case, I do not think that the assignees of Bonner & Co. are entitled to any of the proceeds. The stock and bonds did not belong to that bankrupt firm, and were pledged in fraud of the rights of the true owners.
The claims of the Brokers’ and Bankers’ Association, who are not parties to the action, cannot be now determined, and if they have any claim or right, they are not to be prejudiced by the judgment to be entered herein.,: '