LEANDER McBRIDE & another *vs.* POTTER-LOVELL COMPANY & others.

Suffolk.    March 18, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Contribution — Pledgor and Pledgee — Marshalling of Assets — Rights of Assignee in Insolvency.*

A banker and broker who held the promissory notes of several of his customers for sale for their benefit fraudulently pledged them at different times as security for his own debt to a person who took them in good faith, for value and without notice, and who from time to time collected enough of these notes, as they fell due, to satisfy the debt of the pledgor, who had become insolvent. One of the makers of the notes demanded the return of his note by the pledgor before it had been pledged, and refused to pay it to the pledgee. *Held,* on a bill in equity for contribution, brought by one of the makers of the notes against the pledgor, the pledgee, and the other makers, that, all the notes being pledged as security for the same debt, the whole loss should be borne by all the makers in proportion to the amounts of the notes so pledged; that the demand for the return of his note by one of the makers was immaterial, and that the assignees in insolvency of the pledgor had no interest or duty in the case.

BILL IN EQUITY, filed September 4, 1890, against the Potter-Lovell Company, the Second National Bank of Boston, and, by amendment, against John Brooks and George S. Bullens, assignees in insolvency of the Potter-Lovell Company, and against the North Star Boot and Shoe Company, and divers other defend-

ants, makers of certain promissory notes, which, with promissory notes made by the plaintiffs, the bill alleged, had been fraudulently pledged by the Potter-Lovell Company as security for its own debt to the Second National Bank of Boston. The prayer of the bill was that the assets might be marshalled; that each of the makers of the notes named as defendants should be directed to contribute his equitable share to the payment of the indebtedness of the Potter-Lovell Company to the Second National Bank; for the appointment of a receiver; for an injunction; and for other relief.

The case was heard on the pleadings, the report of a master, and an agreed statement of facts by *Barker,* J., who reserved it for the consideration of the full court. The material facts appear in the opinion.

*E. W. Hutchins & B. L. M. Tower,* for the plaintiffs.

*S. H. Tyng,* for the North Star Boot and Shoe Company.

*J. C. Coombs,* for the assignees of the Potter-Lovell Company, submitted the case on a brief.

*C. R. Elder,* for Charles J. Walker and Company, also submitted the case on a brief.

*C. K. Cobb,* for the other defendants.

ALLEN, J. The Potter-Lovell Company, a corporation, held certain notes of the plaintiffs for sale, and it was to remit to them the proceeds, less its commissions for selling the same. The Potter-Lovell Company also held notes of others of the defendants, which it had received from them for sale. Instead of selling the above mentioned notes for the benefit of the several makers, the company at different times wrongfully and fraudulently pledged all of them to the Second National Bank as security for its own debts to said bank, all the notes being pledged for the same debts. The bank, being a *bona fide* holder for value without notice, collected enough of these notes from time to time as they fell due, including the notes of the plaintiffs and some others, to satisfy its claims against the Potter-Lovell Company. All of the various parties whose notes were thus fraudulently pledged stood on the same footing, except that the notes were pledged at different times, and fell due and were collected at different times; and except that one of the parties, the North Star Boot and Shoe Company, demanded the

return of its note from the Potter-Lovell Company before the same was pledged, and has never paid the same in whole or in part to the bank.

These differences do not vary the equitable rights and liabilities of the parties as amongst themselves. The liability to contribute does not depend on a contract between the parties who are held liable to contribute, and is not affected by the fact that notes were pledged and fell due and were paid at different times, or that some of them were paid only in part, or not at all. The notes were all pledged to secure the same indebtedness. The fact that some of them fell due at earlier dates than others creates no equity in favor of those which fell due last. See *American Loan & Trust Co.* v. *Northwestern Guaranty Loan Co.* 166 Mass. 337. The various parties selected a common agent, and this agent used its power to place them all under a common liability, thus virtually making them all sureties for itself. It might be that under such circumstances the pledgee would prefer to hold one and exonerate another, and it would have power to do so in the first instance by proceeding to collect of one, but not of another. But where several different parties have thus been exposed to loss by the fraud of their common agent, it is more equitable that the burden of the loss should be shared *pro rata.* Under such circumstances equality is equity, without respect to the time of the maturity of the notes. The demand by the North Star Boot and Shoe Company for the return of its note was also immaterial. It was no more fraudulent to pledge this note after such demand than it would have been to pledge it before a demand. All the notes being pledged as security for the same indebtedness, the whole loss in consequence thereof is to be borne by all the makers in proportion to the amounts of the notes so pledged. *Gould* v. *Central Trust Co.* 6 Abb. N. C. 381. *New England Trust Co.* v. *New York Belting & Packing Co.* 166 Mass. 42, and cases there cited. *Wiggin* v. *Suffolk Ins. Co.* 18 Pick. 145, 153. *Warner* v. *Morrison,* 3 Allen, 566. 1 Story, Eq. Jur. § 493.

The assignees in insolvency of the Potter-Lovell Company have no interest in the case. They have no claim arising upon any of these notes, and no duty in respect to the settlement of the questions involved in this suit.

*Decree for the plaintiffs.*