CHARLES E. CASTO *vs.* PHILIP W. WRENN & others.

Suffolk. November 20, 1925. — February 26, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Bailment,* Of certificate of stock. *Stockbroker.*

In a suit in equity involving the effect of an indorsement in blank, upon a certificate representing shares in a corporation, by the plaintiff, the owner of the shares, and his delivery of it under a special pledge to a stockbroker and a wrongful pledge by the stockbroker to a second stockbroker, who is the defendant, the provisions of the uniform stock transfer act, G. L. c. 155, §§ 24–44, are inapplicable if it does not appear that the corporation is a Massachusetts corporation or was organized in a State in which the act is operative.

Where, in a suit in equity of the character above described, it appears that the defendant still has possession of the certificate of stock in question,

although he has contracted to sell the shares and holds them subject to a lien for which they were pledged to him by the plaintiff's pledgee, no title has passed to him as a *bona fide* purchaser for value, and possession of the certificates may be reclaimed by the owner upon his making good to the defendant any loss suffered by him.

In such a suit, it appeared that the first stockbroker had become a bankrupt, and it was *held*, that neither he nor his trustee in bankruptcy had any interest in the plaintiff's stock, and that they were not necessary parties to the suit.

The defendant in the suit above described was not entitled to maintain a cross bill for dividends which had accrued on the stock in question subsequent to the time of the pledge to him.

BILL IN EQUITY, filed in the Superior Court on October 17, 1919, against the members of a stock brokerage firm doing business under the name of Wrenn Brothers and Company, to require delivery to the plaintiff of a certain certificate representing twenty-five shares of the capital stock of the General Baking Company, which the plaintiff alleged he had delivered on a special pledge to a member of another stock brokerage firm named F. G. Roberts and Company, that they had wrongly hypothecated it with the defendants and then had become bankrupt, and that the defendants were retaining the certificate without right.

The defendants filed a cross bill described in the opinion.

In the Superior Court the suit was referred to a master. Material facts found by the master are described in the opinion. The defendants filed objections but no exceptions to the master's report. After a hearing by *Morton*, J., there was entered the final decree described in the opinion. The defendants appealed.

*R. M. Russell*, (*E. C. Mack, Jr.*, with him,) for the defendants.

*F. W. Campbell*, (*G. S. Harvey* with him,) for the plaintiff.

SANDERSON, J. This suit was brought to recover from the defendants twenty-five shares of the preferred stock of General Baking Company, purchased in 1918 by and standing in the name of the plaintiff, a certificate for which was deposited by him with one of the partners of the brokerage firm of F. G. Roberts and Company, to whom he said that he valued this certificate more than any of his other possessions and that they must in no event permit it to go out of their

hands. The representative of the brokerage firm replied "All right, I will keep it in the same envelope, and you will get the same certificate back with the others, when I get them." The certificate was indorsed in blank by the plaintiff and placed in an envelope with his name and telephone number marked upon it and F. G. Roberts and Company gave him a receipt therefor, having stricken out, at the plaintiff's request, the printed part of the receipt relating to their right to pledge certificates. Five days later F. G. Roberts and Company deposited the certificate with the defendants as additional collateral on one of four accounts which F. G. Roberts and Company had with them. At the time of its acceptance by the defendants they were unaware that F. G. Roberts and Company held it under any special agreement. Within a short time thereafter, F. G. Roberts and Company made an assignment for the benefit of creditors, and on the same day filed a petition in bankruptcy, and, on August 6, 1919, were adjudicated bankrupts. Immediately after filing the petition in bankruptcy, the defendants began to liquidate the four accounts referred to by selling the securities pledged by F. G. Roberts and Company. Three of the accounts were liquidated leaving in each instance a balance to the credit of F. G. Roberts and Company or their trustees in bankruptcy. The defendants then attempted to liquidate the account on which the General Baking Company stock was held as collateral. The report states that after the securities had been sold their transfer was stopped by injunction pending a decision as to the rights of the parties. Whereupon, in order to carry out their contract for such sale, the defendants purchased in the open market and made delivery of a like amount of stock, thus leaving a balance in favor of the defendants of $144 to secure which there are held in the transfer offices twenty-five shares of preferred stock of General Baking Company, together with certain shares in another company. The fact that this other stock was held to secure the same claim has become immaterial, by reason of the plaintiff's waiver of any right of contribution and his assumption of the obligation to pay the defendants the $144 and interest. The defendants in their answer admit that

at the time when the bill was filed they had in their possession the certificate for the twenty-five shares of stock to which the plaintiff asserts title.   While the case was pending before the master, the defendants filed a cross bill to recover dividends already paid and to restrain the plaintiff from collecting further dividends on the stock represented by this certificate.   It was adjudicated by the final decree that the plaintiff was owner of the twenty-five shares above referred to, subject to the defendants' lien for $144 and interest at six per cent from October 3, 1919; and upon deposit of said sum with the clerk of court, the defendants were directed to deliver to the plaintiff the certificate and release all interest therein.   The cross bill was dismissed.

The only question presented by the record is whether the decree was warranted on the pleadings and the master's report.   *French* v. *Peters,* 177 Mass. 568.   *Huntress* v. *Hanley,* 195 Mass. 236.   *Huntress* v. *Allen,* 195 Mass. 226. *Lipsky* v. *Heller,* 199 Mass. 310.   Equity Rule 31 (1905).

Where stock has been pledged by a mere custodian under such circumstances that the pledgee may hold the same as security, the general owner has the right to its return after all charges properly to be made against it have been satisfied. *Furber* v. *Dane,* 203 Mass. 108.   The uniform stock transfer act, G. L. c. 155, §§ 24–44, does not apply to this case because there is no finding that the General Baking Company is organized in a State in which that act is operative.   At common law the owner cannot be deprived of his stock, the certificate for which he has indorsed in blank and delivered for safe keeping to a person who wrongfully disposes of it to a *bona fide* purchaser for value, unless it is shown that there is a custom prevailing to treat such stock certificates as negotiable.   *Baker* v. *Davie,* 211 Mass. 429, 437.   *Scollans* v. *E. H. Rollins & Sons,* 173 Mass. 275; *S. C.* 179 Mass. 346. *Russell* v. *American Bell Telephone Co.* 180 Mass. 467. *Marcotte* v. *Massachusetts Security Corp.* 250 Mass. 246.   In the case before us, even if the uniform transfer act could be held to apply, upon the admission by the defendants in their answer and the facts found by the master, there has been no passing of the title by them to a *bona fide* purchaser for

value, G. L. c. 155, §§ 27, 33, and its possession may be reclaimed by the owner upon his making good to the defendants any loss suffered by them.    Upon the facts in this case neither F. G. Roberts and Company nor their trustee in bankruptcy can have any interest in the plaintiff's stock and they are not necessary parties.    *McBride* v. *Potter-Lovell Co.* 169 Mass. 7.    *Schwoerer* v. *Boylston Market Association,* 99 Mass. 285, 297.    *Sutcliffe* v. *Cawley,* 240 Mass. 231, 239. The defendants could not have been prejudiced by the evidence relating to the four accounts between them and F. G. Roberts and Company.    There is no merit in the cross bill.    All questions argued have been considered and no reversible error is found.

*Decree affirmed with costs of the appeal.*