## Mutual Telephone Company, et al. v. Jarrell, et al.

(Decided June 14, 1927.)

### Appeal from Boone Circuit Court.

1. Corporations.—Buyers of stock in telephone company who purchased from individual holders of such shares, and who held certificates, held entitled to injunction compelling officers of corporation to transfer stock on books of company, where there was nothing in charter of corporation, law, or by-laws to prevent it.

2. Appeal and Error.—Appellate court will not review questions as to validity of election at corporation meeting more than year after such election was held, since Ky. Stats., section 551, requires annual election, and question is moot under presumption that law has been complied with and another election already held.

S. W. TOLIN for appellants.

MYERS & HOWARD for appellees.

Opinion of the Court by Judge Logan—Affirming.

The primary purpose of this suit was to compel the officers of the Mutual Telephone Company to transfer to the appellees on the books of the company certain shares of stock in the corporation which had been purchased by appellees from the individual holders of such shares. The certificates of stock were actually in the possession of appellees with the assignment of the individual shareholders when the demand was made for the transfer of the certificates on the books of the company. Other injunctive relief was prayed for and granted by the lower court, and one of the judges of this court, upon motion duly made before him, refused to dissolve the injunction. We assume, therefore, that the injunction has been complied with, and that the only question for our determination is whether the judgment of the lower court was correct in directing that the certificates of stock held by appellees should be transferred on the books of the company. Where there is nothing in the charter of the corporation or the law or the by-laws which prevents it, the holder of a certificate for shares of stock duly assigned to him is entitled to have the transfer made on the books of the company showing that he is the owner of the stock. There is nothing in this case showing that the appellees were deprived in any way of their right to have this stock

transferred to them on the books of the company. No satisfactory reason is given why the transfer was not made. It may be there are cases where persons are disqualified from owning shares of stock in a certain corporation by reason of the provisions of the law under which it was organized or some legal provision in the charter or by-laws, but, if there are any such cases, this does not appear to be one of them. It follows, therefore, that appellees were entitled to the injunction compelling the officers of the corporation to transfer the stock on the books of the company. 14 C. J. 1158.

As to whether the right to vote the shares of stock follows the legal title, although the transfer has not been made on the books of the company, is a question which we need not determine in this suit, as the injunction granted by the lower court touching this matter should have been carried into effect, as there is nothing in the record to show that it was in any way suspended. For that reason we are determining only that the judgment of the lower court was correct in awarding an injunction to compel the transfer of the stock on the books of the company. That was the main relief sought, and all questions as to the validity of the election held on the 6th day of March, 1926, have become moot questions, since it has been more than a year since the election was held, and under the provisions of section 551, Ky. Stats., an annual election must be held, and we presume that this law has been complied with, and another election has already been held.

Judgment of the lower court is affirmed.