ALROPA CORPORATION *vs.* MIRIAM S. BLOOM & others, executors.

Suffolk. February 2, 1942. — May 25, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Pleading, Civil,* Declaration. *Foreign Law. Mortgage,* Of real estate: conveyance subject to mortgage.

Upon demurrer in an action of contract by the holder of a note secured by a mortgage of land in Florida against a grantee of the land by a deed poll containing a recital of an assumption by the grantee of the "outstanding obligations on" the property, where the declaration included the allegation, "Under the law of Florida the defendant is directly liable to the plaintiff, under the assumption contained in said deed . . . in an action at law as upon a covenant, for the amount of the said mortgage indebtedness," such statement of Florida law was admitted as a fact and it was error to sustain the demurrer.

CONTRACT. Writ in the Superior Court dated November 27, 1939.

A demurrer was heard by *Greenhalge,* J.

*J. B. Wolbarsht,* (*C. D. Epstein* with him,) for the plaintiff.
*S. A. Goodman,* for the defendants.

Cox, J. The defendants' demurrer to the plaintiff's

amended declaration (hereinafter referred to as the declaration) was sustained by a judge of the Superior Court on the grounds that the matters contained in it are insufficient in law to enable the plaintiff to maintain its action, and that the declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action. The plaintiff excepted.

Material allegations of the declaration are that one Camp conveyed to the defendants' testate William Bloom, hereinafter referred to as Bloom, certain land in the State of Florida; that by the terms of the deed (annexed to the declaration) and, as a part of its consideration, Bloom assumed and agreed to pay "all outstanding obligations on this property consisting of first mortgage amounting to $26,250.00 dated June 8, 1925 and covered by three notes of $8,750.00 each, due June 8, 1926, June 8, 1927 and June 8, 1928 respectively, said mortgage being filed for record . . ."; that, at the time of this conveyance, there was a mortgage on the property dated May 23, 1925, amounting to $20,650, and also a "further" mortgage in the amount of $26,250 dated June 8, 1925, from said Camp to one Smith; that the "identification" in the deed of all outstanding obligations on the property as "consisting of first mortgage amounting to $26,250," was due to an inadvertency and mutual error on the part of Camp and Bloom; that it was their intention that Bloom, by acceptance of the deed, assume a total aggregate mortgage indebtedness of $26,250; that the mortgage, dated June 8, 1925, from Camp to Smith, however, through inadvertence and error, and contrary to the intent of the parties to this mortgage and also of Bloom, stated its principal amount as $26,250, whereas it was the intent of all three parties that this amount be expressed as $5,600, which, when added to the "said existing mortgage" of $20,650, would bring the total aggregate mortgage indebtedness at the time of delivery of the deed to Bloom to $26,250. The declaration further alleges that to correct said "inadvertency and error and to effect the intention aforesaid of the parties," the $26,250 mortgage, at Bloom's request and by his direction, was dis-

charged of record, and a mortgage in the amount of $5,600 was substituted therefor, "as an outstanding obligation on the said property as of the time of the delivery of said deed" by Camp to Bloom, it being the intention of said parties that said Bloom, by acceptance of said deed, assume said mortgages in the respective amounts of $20,650 and $5,600, making a total mortgage indebtedness of $26,250. A copy of this mortgage for $5,600 is annexed to and made a part of the declaration. It is dated May 24, 1925, and acknowledged on August 31, 1925. The declaration and mortgage recite that this mortgage was given as security for the payment of three promissory notes, given by Camp to Smith, each dated May 24, 1925, one in the amount of $1,866.66, and the other two in the amounts of $1,866.67, and due one, two and three years after date, respectively. Further allegations are that the plaintiff is the holder of these three notes which have not been paid.

The declaration, somewhat in detail, also alleges that, at the time of the acceptance of the deed by Bloom, it was the common law of Florida, and is now, that where a deed poll contains a clause that the grantee assumes the outstanding obligations on the property conveyed, he is effectually bound by accepting the deed to pay any existing mortgage indebtedness on the said property as though it were an indenture deed between the parties, and that the grantee becomes, as to the mortgagee, the principal debtor; that, by the law of Florida, the grantee's obligation under the assumption clause, so called, to pay such mortgage indebtedness is construed as a covenant under the hand and seal of the grantee which entitles the mortgagee to maintain a direct action at law thereon against the grantee; that where a mortgage is given as security for a promissory note, the note constitutes the principal obligation, the mortgage being regarded as ancillary, so that the transfer of the note carries with it the mortgage, and the holder of such note succeeds to the same rights that were available to the mortgagee. There is a further allegation that "Under the law of Florida the defendant is directly liable to the plaintiff, under the assumption contained . . . [in the deed to

Bloom] in an action at law as upon a covenant, for the amount of the said mortgage indebtedness evidenced by said mortgage notes" totalling $5,600.

We are of opinion that the declaration, in effect, alleges as the cause of action, that, by reason of the language contained in the deed poll to and accepted by Bloom, he assumed the outstanding obligations on the property which, although recited in the deed to be a first mortgage amounting to $26,250, in fact amounted to a total obligation of $26,250 made up by one mortgage of $20,650 and another mortgage of $5,600.

Nothing appears to show, and it has not been suggested, that the nature of the contract obligation in the case at bar and its interpretation are not governed by the law of Florida. See *Thomas G. Jewett, Jr. Inc.* v. *Keystone Driller Co.* 282 Mass. 469, 475, 476. The law of another State is a question of fact, *McCarthy* v. *Hawes*, 299 Mass. 340, 342, and G. L. (Ter. Ed.) c. 233, § 70, relative to courts taking judicial notice of foreign law, so called, did not change this. This statute merely changed the method by which such law is brought to the attention of the court by substituting judicial notice for proof by evidence. *Seemann* v. *Eneix*, 272 Mass. 189, 195, 196. The allegations of the declaration in the case at bar, in so far as they relate in detail to the obligation under the law of Florida arising out of the assumption clause, so called, are much more extensive than was the allegation in the case of *Richards* v. *Richards*, 270 Mass. 113, 117, which was described as of the most general nature (page 118), although the concluding allegation in the case at bar as to the law of Florida is very much like that general allegation in the *Richards* case.

The defendants contend that the allegations in the plaintiff's declaration do not bring the plaintiff's case within the law of Florida as alleged, relative to the grantee's obligation under an assumption clause, in that, by the assumption clause contained in the deed poll, Bloom's undertaking was to assume an obligation consisting of a "first mortgage amounting to $26,250.00 dated June 8, 1925 and covered by three notes of $8,750.00 each."

As already pointed out, it is alleged in the declaration that at the time of the conveyance to Bloom there was a mortgage on the premises of $20,650 dated May 23, 1925, and also a further mortgage in the amount of $26,250 dated June 8, 1925. Therefore, from facts alleged that are taken as admitted by the demurrer, it appears that there were two outstanding obligations, that there was no first mortgage amounting to $26,250, and that there was no first mortgage dated June 8, 1925. The defendants contend that the only doubt as to the accuracy of the description in the assumption clause is in the reference to the mortgage as a first mortgage, "whereas it was in fact a second mortgage." We are of opinion, however, that from the facts alleged, it appears extrinsically that the assumption clause, so called, cannot be applied with certainty to either of the outstanding obligations that existed "At the time of said conveyance." There would be no difficulty in applying "all outstanding obligations," but it is apparent that those obligations did not consist of a first mortgage either of the amount or of the date alleged, and if the attempt is made to apply the clause to the second mortgage, clearly that was not a first mortgage.

The declaration, however, as already pointed out, contains a further allegation that "Under the law of Florida the defendant is directly liable to the plaintiff, under the assumption contained in said deed . . . in an action at law as upon a covenant, for the amount of the said mortgage indebtedness evidenced by said mortgage notes . . . totalling $5600 . . . ." Earlier allegations in the declaration describe the mortgage securing "said mortgage notes" as the mortgage that was substituted for the $26,250 mortgage "as an outstanding obligation on the said property as of the time of the delivery" of the deed to Bloom. This general allegation we take to be an allegation of the substantive law of Florida. The detailed allegations in the declaration of Florida law do not touch this general allegation which is comparable in its generality to the allegation of the bill in *Richards* v. *Richards*, 270 Mass. 113, 117, where it was said, at page 118: "There was enough in the

averment to warrant a trial on the facts in the absence of any challenge of the adequacy of the statement as to the foreign law." The demurrer in that case was overruled. It is true that, as a general rule, the law of the forum governs the form of the action and the competency of the evidence offered to establish the alleged cause of action, *Atwood* v. *Walker*, 179 Mass. 514, 518, and that it is sometimes difficult to determine whether the question raised in a given case relates to the nature and validity of the contract, or to the remedy upon it. If, however, it is the substantive law of Florida that the defendants are liable in this action, that substantive law governs. *Baxter National Bank* v. *Talbot*, 154 Mass. 213, 215–218. If at the trial of the case it shall appear that this is not the substantive law of Florida, the question of the competency of evidence offered to establish the cause of action will be for the trial court.

The order sustaining the demurrer must be reversed, and an order entered overruling the demurrer.

*So ordered.*