GEORGE R. HILLER, administrator, *vs.* AMERICAN TELE-PHONE AND TELEGRAPH COMPANY.

Suffolk.    October 8, 1948. — March 7, 1949.

Present: LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Corporation,* Transfer of stock. *Evidence,* Judicial notice, Foreign law.

Shares of corporate stock created in a State in which the uniform stock transfer act is in force may be transferred by the delivery of the certificate as provided in that act even though the delivery takes place in another State where that act is not in force.

This court under G. L. (Ter. Ed.) c. 233, § 70, took judicial notice of the pertinent provisions of the uniform stock transfer act adopted in the State of New York, although the record did not disclose that their adoption had been brought to the attention of the trial court.

Notwithstanding that a corporation of the State of New York, where the uniform stock transfer act was in force, had notice that a wrongdoer who had obtained a certificate of its shares in his name had been enjoined in Massachusetts from transferring them and knew of a claim to them by the administrator of the estate of the person wronged, subsequent acts of the corporation in accepting a surrender of and cancelling the certificate and issuing a new certificate did not render the corporation liable to the administrator where it did not appear that at the time of such acts by it the wrongdoer was the legal owner or in possession of the certificate, or that the certificate was in Massachusetts, or that the person to whom the new certificate had been issued had not purchased the shares for value, in good faith and without notice of any facts making the transfer to him wrongful.

BILL IN EQUITY, filed in the Superior Court on September 17, 1941, and amended into an action at law on September 19, 1945.

The action was heard on the defendant's demurrer by *Donahue*, J.

*E. D. Sharkey*, for the plaintiff, submitted a brief.

*J. N. Clark*, for the defendant.

WILKINS, J. The plaintiff appeals from an order sustaining a demurrer to the declaration and from an order for judgment for the defendant. The case originated as a suit in equity and was amended into an action at law on the plaintiff's motion. The declaration does not state to what division of actions it belongs. See G. L. (Ter. Ed.) c. 231, §§ 1; 7, First. The plaintiff contends that the action sounds in tort, and we consider the case on that footing. The demurrer assigns numerous grounds. If any ground is good, it will be enough to dispose of the appeal. *Ratté* v. *Forand*, 299 Mass. 185, 187. *Hogan* v. *Hogan*, 320 Mass. 658, 661. *Monach* v. *Koslowski*, 322 Mass. 466, 468.

The allegations of the one count of the declaration are the following. The plaintiff is the administrator of the estate of Lilburne Hiller, late of Mattapoisett, by appointment of the Probate Court for Plymouth County in January, 1936. The defendant is a corporation of New York having

a usual place of business in Boston. On or about June 24, 1933, Joseph L. Hiller obtained possession of certain certificates for one hundred eighty shares of the capital stock of the defendant which stood in the name of, and were the property of, Lilburne. By "overpowering the mind and will" of Lilburne and "substituting therefor his own will," Joseph obtained Lilburne's indorsement in blank of the certificates, and "thereupon wrongfully, and contrary to the right" of Lilburne, possessed himself of the certificates. On or about November 20, 1933, Joseph surrendered the certificates to the defendant, which cancelled them and issued new certificates to, and in the name of, Joseph. On December 29, 1935, Lilburne died. On May 1, 1936, the plaintiff brought a suit in equity against Joseph seeking recovery of the shares in the Probate Court, which enjoined Joseph from assigning, pledging, or transferring the stock. On the same day the plaintiff notified the defendant of the injunction. Notwithstanding the notice given the defendant by the plaintiff and "the defendant's knowledge of the plaintiff's claim of title to the shares of stock heretofore alleged," the defendant, on or about May 14 and May 21, 1936, accepted the surrender of, and cancelled, the certificates, and issued a certificate or certificates to a person or persons unknown to the plaintiff. The certificates surrendered on May 14 and May 21 represented fifty and fifty-six shares, respectively, of the one hundred eighty shares. On January 11, 1937, the Probate Court entered a decree avoiding the transfer from Lilburne to Joseph, and ordering Joseph to deliver to the plaintiff, as administrator, certificates properly indorsed for the one hundred eighty shares. Joseph has failed to comply with the decree. The plaintiff seeks damages for the one hundred six shares of which "the defendant wrongfully accepted the surrender."

The second ground of demurrer is the general one that the declaration is insufficient in law to enable the plaintiff to maintain an action against the defendant. The fourth ground is to the more definite effect that Joseph "became

the legal owner of the title to the shares" and of the certificates issued to him by the defendant.

The declaration alleges that the defendant is a corporation of New York, but does not allege that the uniform stock transfer act (G. L. [Ter. Ed.] c. 155, §§ 24–44) had been adopted and was in effect in that State at all material times. Neither does the declaration allege in what State the defendant in 1933 cancelled the original certificates in the name of Lilburne and issued new certificates in the name of Joseph, or in what State the defendant in 1936 cancelled the certificates in the name of Joseph and issued the new certificate or certificates to a person or persons unknown to the plaintiff.

The uniform stock transfer act now governs the transfer of title in Massachusetts to shares in corporations of Massachusetts and other States having laws consistent with it. *Casto* v. *Wrenn,* 255 Mass. 72, 75. *Edgerly* v. *First National Bank,* 292 Mass. 181, 184. *Whitney* v. *Nolan,* 296 Mass. 419, 424. *DeBoer* v. *Anthony,* 300 Mass. 403, 411. *Meehan* v. *North Adams Savings Bank,* 302 Mass. 357, 358–359. See *Turnbull* v. *Longacre Bank,* 249 N. Y. 159, 165; *United States Fidelity & Guaranty Co.* v. *Newburger,* 263 N. Y. 16, 23–24; *Rand* v. *Hercules Powder Co. Inc.* 129 Misc. (N. Y.) 891, 894. And shares created in a State in which the uniform stock transfer act is in force may be transferred by the delivery of the certificate as provided in that act even though the delivery takes place in another State where that act is not in force. *Morson* v. *Second National Bank,* 306 Mass. 588, 591. Restatement: Conflict of Laws, § 53, comment d.

The record does not disclose that the adoption by New York of the uniform stock transfer act was brought to the attention of the court below, but the defendant's brief now brings it to our attention: N. Y. Consol. Laws, c. 41 (personal property law), §§ 162–185. Notwithstanding that this court in the circumstances might not be required to take judicial notice of the New York statute (see *Donahue* v. *Dal, Inc.* 314 Mass. 460, 463), we are nevertheless au-

thorized to do so by G. L. (Ter. Ed.) c. 233, § 70. *Walker v. Lloyd,* 295 Mass. 507, 510. *Hite v. Hite,* 301 Mass. 294, 298–299. *Smith v. Brown,* 302 Mass. 432, 433. *Vergnani v. Guidetti,* 308 Mass. 450, 455. *Pilgrim v. MacGibbon,* 313 Mass. 290, 296–297, 298. See *Bradbury v. Central Vermont Railway,* 299 Mass. 230, 234. We believe it to be our duty in giving our opinion to recognize the effect of the applicable New York law, and not to disregard it by expressing abstract views of a superseded common law. We, accordingly, notice judicially the pertinent provisions of the uniform stock transfer act adopted in the State of New York. We do not regard what was said in *Richards v. Richards,* 270 Mass. 113, 117–118, and *McCarthy v. Hawes,* 299 Mass. 340, 342, as controlling in these circumstances. Compare also *Alropa Corp. v. Bloom,* 311 Mass. 442, 445.

The material provisions of the New York statute are substantially identical with ours. Each act applies to certificates of stock in corporations of that State or of another State whose laws are consistent with the act. G. L. (Ter. Ed.) c. 155, § 26. N. Y. Consol. Laws, c. 41, § 183. Title to a certificate and to the shares represented thereby can be transferred by delivery of the certificate indorsed in blank by the person appearing by the certificate to be the owner of the shares represented thereby. G. L. (Ter. Ed.) c. 155, § 27 (a). N. Y. Consol. Laws, c. 41, § 162 (a). The delivery of a certificate to transfer title in accordance with the last mentioned section shall be effectual (except as provided in § 33 of the Massachusetts act or § 168 of the New York act) though made by one having no right of possession and having no authority from the owner of the certificate. G. L. (Ter. Ed.) c. 155, § 31. N. Y. Consol. Laws, c. 41, § 166. The indorsement of a certificate by the person appearing by the certificate to be the owner of the shares represented thereby shall be effectual (subject to the same exception) though the indorser or transferor was induced by fraud, duress, or mistake to make the indorsement or delivery. G. L. (Ter. Ed.) c. 155, § 32. N. Y. Consol. Laws, c. 41, § 167. If the indorsement or

delivery was procured by fraud or duress or was made under such mistake as to make the indorsement or delivery inequitable, or if the delivery was made without authority from the owner, possession of the certificate may be reclaimed and the transfer rescinded unless the certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful. G. L. (Ter. Ed.) c. 155, § 33. N. Y. Consol. Laws, c. 41, § 168. "Although the transfer of a certificate or of shares represented thereby has been rescinded or set aside, nevertheless, if the transferee has possession of the certificate or of a new certificate representing part or the whole of the same shares of stock, a subsequent transfer of such certificate by the transferee, mediately or immediately, to a purchaser for value in good faith, without notice of any facts making the transfer wrongful, shall give such purchaser an indefeasible right to the certificate and the shares represented thereby." G. L. (Ter. Ed.) c. 155, § 34. N. Y. Consol. Laws, c. 41, § 169.

If the act applied, Joseph L. Hiller, who in 1933 received delivery of the certificates indorsed in blank by the owner, became the owner of the full legal title to the certificates and to the shares represented thereby. *Stuart* v. *Sargent*, 283 Mass. 536, 541. *Morson* v. *Second National Bank*, 306 Mass. 588, 590–591. *Lane* v. *Volunteer Co-operative Bank*, 307 Mass. 508, 512. *Codman* v. *Beane*, 312 Mass. 570, 576–577. *Monotype Composition Co. Inc.* v. *Kiernan*, 319 Mass. 456, 459. *Young* v. *Cockman*, 182 Md. 246. And this would have been true even though the declaration be treated as sufficiently alleging fraud or undue influence on his part. *Edgerly* v. *First National Bank*, 292 Mass. 181, 185. *Turnbull* v. *Longacre Bank*, 249 N. Y. 159, 164–165. *Commercial National Bank* v. *National Surety Co.* 259 N. Y. 181. *Mason* v. *Public National Bank & Trust Co.* 262 App. Div. (N. Y.) 249, 256–257; affirmed 287 N. Y. 809. *Peckinpaugh* v. *H. W. Noble & Co.* 238 Mich. 464. *Connolly* v. *Peoples State Bank*, 260 Mich. 352. The New York act, however, does not affect certificates issued before September

1, 1913. N. Y. Consol. Laws, c. 41, § 184. *Union Trust Co.* v. *Oliver*, 214 N. Y. 517, 523. The declaration does not disclose when Lilburne's certificates were issued to him. But this is unimportant, as the act clearly applied to the defendant's acts in 1936 in cancelling the certificates issued to Joseph in 1933 and in issuing a new certificate or certificates for one hundred six shares to a person or persons unknown to the plaintiff. See 3 Brooklyn L. Rev. 300; 52 Harv. L. Rev. 558.

The plaintiff, moreover, makes no contention that the defendant acted wrongfully in 1933. There then being no notice of any adverse claim, Joseph, as legal owner, was, so far as the defendant knew, entitled to receive, and the defendant owed him a duty to issue, new certificates upon surrender of the old ones. *Bigby* v. *Atlanta & West Point Railroad*, 119 Ga. 685. *Mutual Telephone Co.* v. *Jarrell*, 220 Ky. 551. *Rudolph* v. *Andrew Murphy & Son*, 121 Neb. 612, 614–615. *Travis* v. *Knox Terpezone Co.* 215 N. Y. 259, 264–265. *Casey* v. *Kastel*, 237 N. Y. 305, 314. *Cincinnati, New Orleans & Texas Pacific Railway* v. *Citizens' National Bank*, 56 Ohio St. 351, 392–393. *Steindler* v. *Virginia Public Service Co.* 163 Va. 462, 468, 472–473.

The plaintiff founds his case on the defendant's acts in 1936 with notice of the injunction against Joseph. Allegations are lacking, however, that Joseph was then the legal owner or in possession of the certificates, or that the certificates were in Massachusetts (see *Rosenthal* v. *Maletz*, 322 Mass. 586), or that the person or persons unknown to the plaintiff had not purchased for value in good faith without notice of any facts making the transfer unlawful. Accordingly, there is nothing to show that the defendant was not entitled to cancel Joseph's certificates and to issue new ones. *Parkhurst* v. *Almy*, 222 Mass. 27, 29–30. *Ripley* v. *J. Murray Walker & Co. Inc.* 286 Mass. 264, 268–269. *Edgerly* v. *First National Bank*, 292 Mass. 181, 184–185. *Codman* v. *Beane*, 312 Mass. 570, 576–577. *Coats* v. *Guaranty Bank & Trust Co.* 174 La. 503. *Nicholson* v. *Morgan*, 119 Misc. (N. Y.) 309. *Van Schaick* v. *National City Bank*,

245 App. Div. (N. Y.) 525, 528–529; affirmed 271 N. Y. 570. *Edmund Wright-Ginsberg Co. Inc.* v. *Carlisle Ribbon Mills,* 105 N. J. Eq. 411; affirmed 108 N. J. Eq. 206. *Knight* v. *Shutz,* 141 Ohio St. 267, 284.

The cases relied upon by the plaintiff are not in point. In *Loring* v. *Salisbury Mills,* 125 Mass. 138, both the corporation and the persons to whom the certificates were transferred had notice that the stockholder was a trustee. In *Pratt* v. *Boston & Albany Railroad,* 126 Mass. 443, the transfer of the certificate was under a forged power of attorney. See *Pratt* v. *Taunton Copper Manuf. Co.* 123 Mass. 110, 112; *Machinists' National Bank* v. *Field,* 126 Mass. 345. Nothing inconsistent with our present holding is to be found in *Edgerly* v. *First National Bank,* 292 Mass. 181, 183.

The demurrer was rightly sustained.

General Laws (Ter. Ed.) c. 155, § 46, is not part of the uniform stock transfer act, and we do not rely upon it. It has not been suggested that a similar statute obtains in New York.

The plaintiff rightly has not argued that there was error in ordering judgment if the demurrer was properly sustained. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 61–62. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477.

*Order sustaining demurrer affirmed.*

*Order for judgment for defendant affirmed.*