WALDOR REALTY CORP. *vs.* TOWN CLERK OF BELLINGHAM.

Norfolk.   April 6, 1966. — May 3, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Mandamus. Pleading, Civil,* Petition. *Subdivision Control.*

A petition for a writ of mandamus to compel a town clerk to issue a certificate under G. L. c. 41, § 81V, in a form attached to the petition was demurrable where the form contained no statement that constructive approval of a definitive subdivision plan resulting from failure of the planning board to act had become final and there was no allegation of

the expiration of twenty days following the constructive approval without notice of appeal to the Superior Court and no allegation of the date when the plan was submitted to the board.

PETITION for a writ of mandamus filed in the Superior Court on June 28, 1965.

The petitioner appealed from an order by *Spring,* J., sustaining a demurrer.

*Eugene L. Tougas* for the petitioner.

*A. T. Handverger* for the respondent.

WILKINS, C.J.   This petition for a writ of mandamus is for an order that the respondent town clerk execute a certificate stating that, according to the records of his office, there was submitted to the planning board for its approval a definitive plan dated August 4, 1960, of a subdivision of land owned by Lee Realty Trust; that no notice of final action by the board under G. L. c. 41, § 81U (as amended through St. 1960, c. 266, § 2), was received by the clerk before October 7, 1960; and that no notice of appeal was received by him before October 27, 1960, in accordance with G. L. c. 41, § 81BB (as amended through St. 1957, c. 199, § 2).   The petitioner appeals from an order sustaining the respondent's demurrer.

The petition contains these allegations.   On December 12, 1964, the petitioner, a Massachusetts corporation, purchased a tract of land from the successor trustee of Lee Realty Trust under a declaration of trust recorded in the Norfolk registry of deeds.   On August 8, 1960, the Lee Realty Trust filed with the respondent town clerk a notice of the submission of a certain definitive plan of land for "processing" under the subdivision control law.   On September 8, 1960, a public hearing thereon was held by the planning board.   Neither the town clerk nor the then applicant received notice of any action by the planning board within sixty days following the date of submission.   On or about January 18, 1965, and again on January 28, 1965, the petitioner requested the respondent to execute and acknowledge a certificate, a copy of which is annexed to the petition, as provided by G. L. c. 41, § 81V (inserted by St. 1953, c. 674, § 7), and the respondent refused.

There were five grounds of the demurrer which was sustained generally. If any ground is good, it will be enough to dispose of the appeal. *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25.

The fourth ground is "That the matters alleged in the petition are insufficient to warrant relief by mandamus." We state some difficulties apparent in the petition which are sufficient to prevent the relief sought. Averments of crucial facts in a pleading should be clear, direct, and unequivocal. *North Station Wine Co. Inc.* v. *United Liquors, Ltd.* 323 Mass. 48, 51. *Leto* v. *Assessors of Wilmington,* 348 Mass. 144, 149. It is inferentially alleged that the planning board failed to take action. There is no statement in the certificate, which the clerk refused to sign, that the approval resulting from such failure of the board had become final. This is required by G. L. c. 41, § 81V.[1] See c. 41, § 81BB (as amended through St. 1957, c. 199, § 2). See also the certificate in *Selectmen of Pembroke* v. *R. & P. Realty Corp.* 348 Mass. 120, 123. There is no allegation of the expiration of twenty days without notice of appeal to the Superior Court, which § 81V makes a condition precedent to the issue of a certificate by the clerk. There is no allegation of the date when the plan was submitted to the planning board. See G. L. c. 41, § 81U; § 81V. The petition merely alleges notice of the submission of the plan on August 8, 1960.

There was no error in sustaining the demurrer.

*Order sustaining demurrer affirmed.*

---

[1] "In case of the approval of a plan by reason of the failure of the planning board to act within the time prescribed, the city or town clerk shall, after the expiration of twenty days without notice of appeal to the superior court, or, if appeal has been taken, after receipt of certified records of the superior court indicating that such approval has become final, issue a certificate stating the date of the submission of the plan for approval, the fact that the planning board failed to take final action and that the approval resulting from such failure has become final."