THOMAS COOK & SONS, INC. *vs.* ASSEMBLED HOMES, INC.

Middlesex.    March 6, 1970. — May 4, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Actionable Tort.   Negligence,* In constructing a building, Of contractor.

A cause of action in tort was not stated by the declaration in an action
by the owner of a building against a contractor merely alleging an in-
ferior quality of work negligently performed by the defendant in the
building under a contract between the defendant and a previous
owner of the property prior to the time the plaintiff purchased it.

TORT.   Writ in the Superior Court dated February 28,
1968.

The action was heard by *Leen,* J., on demurrer.

*Neil Sugarman (Paul R. Sugarman* with him) for the
plaintiff.

*Francis E. Silva, Jr.,* for the defendant.

WILKINS, C.J.   This action of tort by the owner of cer-
tain real estate was originally in three counts, each against a
different defendant.   The original defendants were, respec-
tively, a contractor, an architect,[1] and the plaintiff's grantor.
As a result of the allowance of the plaintiff's motion to
sever, the only count before us is count 1 against Assembled
Homes, Inc. (hereinafter called the defendant), whose
demurrer to the declaration was sustained.   The plaintiff
appealed.

Count 1, as amended, alleges that on or about March 31,
1967, the plaintiff purchased from one George W. Olson an
apartment dwelling house in Malden;   that on unstated
dates the defendant had performed certain work, not
described, on the premises;   that the work was performed
under an agreement, not described, between the defendant

---

[1] Count 2 is against Gustav A. Hagen, an architect, for negligent design of
the building.   Count 3 is against George W. Olson for misrepresentations in
the sale of the building to the plaintiff.

and the then owner of the premises, to which agreement the plaintiff was in no way privy; that the work was completed prior to the time the plaintiff purchased the premises; that the work was done in a negligent manner; that the defendant knowingly used faulty and substandard material, not described, in performing the work; that "as a result . . . the market value of the structure has been reduced" in an unstated respect at an unstated time or times; and that the plaintiff has been and will be put to great expense for the repair and reconstruction of the structure because of the negligence of the defendant. Wherefore, the defendant is "indebted" to the plaintiff.

The demurrer to count 1 was on three grounds: (1) The declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. (2) The count sounds in both contract and tort while the writ is in tort. (3) The matters alleged in the declaration are insufficient in law to support the cause of action. If any ground is good, it will be enough to dispose of the appeal. *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25.

It is manifest from the allegations of count 1, as amended, that there was no personal injury or property damage caused by an accident, but a repair loss, so-called. See Restatement 2d: Torts, §§ 3, 384, 385; Prosser, Torts (3d ed.) § 96. There is nothing beyond an allegedly inferior quality of workmanship somehow performed in alleged breach of some duty owed an unidentified individual.

Count 1, as amended, does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. This disposes of the appeal.

The order sustaining the demurrer to count 1, as amended, is affirmed.

*So ordered.*